JOHN H. WESLING v. P. T. NOONAN.

1. PRINCIPAL AND AGENT: LIEN.—A warehouseman cannot retain the goods of the principal for a debt due to him by the agent.

2. PRACTICE: OBJECTIONS TO EVIDENCE MUST BE SPECIFIC.—A party objecting to the introduction of evidence on the trial, should then state the specific ground upon which his objection is based; otherwise this court will not revise the action of the court below in permitting the evidence to be introduced.

3. TENDER: WHAT SUFFICIENT.—If the owner of goods demand delivery of possession from the warehouseman, and offer to pay his proper charges, being a lien thereon, and the warehouseman refuse to deliver the goods unless other charges, not constituting a lien on them, are paid, the offer will be a sufficient tender without an actual production and counting of the money.

IN error from the Circuit Court of Yazoo county. Hon. E. G. Henry, judge.

Jones, being the owner of a lot of cooking-stoves, &c., and residing in Massachusetts, shipped them to W. B. Andrews, at Canton, in this State, to be sold by said Andrews, on commission, as his agent. The goods arrived at Yazoo city in transitu for Canton, being consigned there to Wesling, the plaintiff in error, who was a commission merchant and warehouseman. Wesling paid the freight and charges on the goods, and was also entitled to a further sum for commission and storage, &c. Whilst the goods were in Wesling's possession, Noonan, the defendant in error, purchased them from Andrews, as the agent of Jones, and thereupon he demanded of Wesling the possession, and offered to pay his charges for freight, commission, storage, &c., on that particular lot of goods. Wesling refused to deliver possession unless his debt against Andrews, amounting to $200, and arising from his charges on "similar shipments," was first paid. Noonan then sued out replevin, to which Wesling pleaded the general issue, and a verdict and judgment was rendered for the plaintiff. The defendant moved for a new trial, which being overruled, he filed his bill of exceptions, embodying the evidence, from which the foregoing facts appeared; and further, that on the trial Noonan offered to read to the jury the deposition of said Jones, to which the defend-

ant objected generally, without specifying the particular grounds upon which his objection was based. The court overruled the objection, and plaintiff read the deposition to the jury. Other objections were made to the introduction of evidence, but they are unnecessary to be stated, under the opinion of the court. Wesling sued out this writ of error.

*Geo. B. Wilkinson,* for plaintiff in error.

1. The first error assigned is the introduction of the deposition of Jones. He was incompetent to testify for the reason that he was liable over to Noonan in case of failure in this suit, and such liability disqualifies. 1 Greenleaf, 508, 509, 513.

2. The second error assigned is the introduction of the power of attorney from Horace Jones to William B. Andrews. This power of attorney is not properly authenticated under the Act of Congress. 1 Story, Laws of U. S. 93; 2 Ib. 947.

3. The third error assigned is the introduction of the bill of sale from W. B. Andrews to Noonan. This is an individual contract of Andrews, and not the contract of Jones, and did not pass the legal title.

If an agent contracts under seal for the act of another, though he describe himself in the deed as acting for and on the part of that other, yet the agent is bound and the principal is not bound *at law.* 5 East, 148; 3 Munf. 357. And a deed, so executed, will not pass the *legal* title, so as to enable the grantee to sue at law. The court will notice that there was no actual delivery of the goods by Jones or Andrews to Noonan, and if the title passed, it was by virtue of the bill of sale. See also, 1 Tucker, Com. 89, 90, and authorities there cited. But Wesling, being a factor, had a general and not a special lien on the goods. Montague on Liens, 32, note (*e*) and authorities cited.

As to the plea of tender, the money must *always* accompany the plea, (3 Call, 243,) and he must aver that he brings the money into court ready to be paid to the plaintiff. 1 Wash. 26. See also, 2 Tucker, Com. 157, 158.

*Q. D. Gibbs,* for defendant in error.

The first error complained of in this case, is the ruling of the court below on the testimony; the court permitted defendant to read deposition of Horace Jones, and the power of attorney from Jones to Andrews to sell the property in question, and the bill of sale from Andrews, as agent, to Noonan. The record shows no specific ground of objection, and under previous decisions of this court, how can it be entertained in this court?

There is no error in the instructions of the court. The instructions present these questions:

1. Has a warehouseman a lien upon goods, shipped through him, for any thing than the specific charges upon the goods in controversy, and if he demand more, and refuse to deliver up without payment of other charges, does he not thereby waive and forfeit his lien?

It is well settled, that neither an attorney, factor, or warehouseman, has any lien upon property coming into his hands, farther than to reimburse himself for expenses as to the specific thing, or for labor bestowed upon the specific property; he has no lien for general balances, or for any other purpose than payment on account of expenses incurred in reference to the property; and it is also settled that a claim of a more extensive lien than the law gives, and a refusal to deliver the property to a vendee without payment of a claim, which is no lien upon the property, is a waiver and abandonment of the lien. 33 Maine, 141; 34 Ib. 273; 8 Eng. (13 Ark.) R. 437.

The other question presented by the instructions asked by defendant below, which were refused is, was it necessary for the plaintiff below to exhibit or count his money when he proposed paying the charges on the goods? We think the defendant himself made it unnecessary, by his refusal to give up the goods unless other accounts against the agent of the owner were paid—a technical tender was unnecessary. It is true, under the rules of English practice, at an early day, where a tender was pleaded and continued by a tender of money into court, it was regarded as necessary to state a counting of currency; but the courts have very much relaxed this rule, even in cases of technical tender, and look more to the substance than the forms of the transaction. It never was

necessary to go through the idle ceremony of counting money, when the party announces his determination not to receive it.

FISHER, J., delivered the opinion of the court.

This was an action of replevin, tried in the Circuit Court of Yazoo county. A verdict and judgment being rendered for the plaintiff below, the defendant moved for a new trial, which motion being overruled, the defendant excepted. The question for decision is, whether the court erred in refusing to grant a new trial.

The facts, as shown by the bill of exceptions, are as follows:— The property in question, consisting of a lot of cooking-stoves, castings, &c., were shipped by one Jones, of Massachusetts, to William B. Andrews, of Canton, in this State, to be sold by him, as the agent of Jones. While the property was in the hands of the defendant below, as a commission merchant, in Yazoo city, it was sold by Andrews to the plaintiff. The defendant refused to deliver the property on demand of the plaintiff, on the ground that Andrews was indebted to the defendant, not only on account of the freight paid by defendant, and for storage, &c., but also on account of previous shipments. The plaintiff offered to pay the charges on account of the property purchased; but refused to pay the other charges against Andrews, on account of previous transactions; which proposition was rejected by the defendant.

It is insisted by the counsel for the plaintiff in error, who was the defendant below, that he had a lien upon the articles, not only for the freight and other charges, on account of the same, but for any general balance due by Andrews, growing out of similar transactions. It is not required of us, under the facts of this case, to decide the point as it is presented by counsel. It may be admitted, for the sake of the argument, that the lien for any general balance, would attach to any property of Andrews in the hands of his merchant. But the property, in this instance, did not belong to Andrews, and he had no right to use it in payment of his debts. He was but the agent of the owner, and in that character alone could deal with the property, which had only been consigned to him to sell, and not in virtue of his orders to purchase it.

It is next said, that the court erred in admitting the deposition of Jones, the owner of the property, when it was consigned to Andrews, to be read to the jury. The objection to the reading of the deposition was general, not specifying the particular objection. It may be true, that the witness was incompetent, but the record must show affirmatively, that the deposition was objected to on this ground; for the obvious reason that the plaintiff might have supplied the defect by either releasing the witness, or by introducing other testimony.

The objection, as to the power of attorney and bill of sale, need not be noticed, as the proof of sale was ample, without either instrument; and neither was necessary to confer title.

It is next urged that the plaintiff, at the time he offered to pay the charges on the articles purchased, did not make, in a legal sense, a tender of the money; inasmuch as the money was not counted, or in fact offered to the defendant. The rejection of the proposition by the defendant, rendered it unnecessary to count the money, or to make any further tender of it. It was equivalent to saying to the plaintiff, that his money would not be received if actually offered.

Judgment affirmed.