## JACOB S. WAGNER *v.* BENTON S. ELLIS.

1. EVIDENCE. *Objections. Supreme court practice.*

   Unless objection be made in the trial court to the proof of the contents of a writing by parol evidence, complaint thereof in the supreme court will be unavailing.

2. SAME. *Objections must be seasonable and specific.*

   Objections to testimony must be seasonably interposed and made sufficiently specific to present, and not to obscure, the question involved.

3. SAME. *Concrete case.*

   A defendant who, without objection, permitted plaintiff to prove the contents of a writing by parol, cannot make the admission of such proof the predicate of an assignment of error in the supreme court, although in the course of the examination of a plaintiff's rebutting witness he made a general objection, which was overruled, to an inquiry touching the contents of the writing.

4. SAME. *Excessive verdict.*

   A judgment on a verdict in excess of the damages proved will be affirmed by the supreme court only on condition of appellees remitting the excess.

FROM the circuit court of Jefferson county.

HON. MOYSE H. WILKERSON, Judge.

Ellis, the appellee, was plaintiff, and Wagner, the appellant, defendant in the court below. From a judgment in plaintiff's favor for $300 and costs, the defendant appealed to the supreme court. The suit was to recover damages suffered by plaintiff because the defendant enticed away plaintiff's tenant, one Calvin Paxton, whereby plaintiff lost the rent of his agricultural land, and the land was damaged by growing up in weeds, etc. It seems that the proceeding was predicated of Laws 1900, ch. 102, p. 140.

*Hicks & Shelton,* for appellant.

We submit, in the first place, that the contract for the lease of the land to Paxton by Ellis, being, as stated by him, for a period of three years, must have been in writing to be a legal, valid, and subsisting contract, and if such a contract was ever made in writing, as the law requires, it has never been introduced in evidence in this case, and is not now before the court. It is true that Ellis testified that a contract in writing was made with Paxton, and a contract was handed him which he identified as the contract, but it was never offered in evidence, and the court does not now know from any legal evidence what the contents of this contract were, nor that it was such a contract as the law requires. The burden of proof was upon the plaintiff, and it is shown by the testimony of Ellis that such a contract was in existence, but it was never offered in evidence, and oral evidence cannot be substituted for any instrument which the law requires to be in writing. 1 Greenleaf on Ev., sec. 86.

Again, we submit that the court erred in permitting Ellis to testify, over the objection of Wagner's counsel, to a part of the contents of a written contract claimed to have been made between Wagner and Paxton, the tenant. The award of three hundred dollars damages is excessive and unwarranted by the proof.

*Corban & Easterling,* and *J. B. Webb,* for appellee.

Appellant allowed parol evidence of the contents of the writing to go to the jury without objection. If he had objected, and it had been necessary for the contract to have been introduced instead of its contents stated, we would have filed the instrument if the court had so required. Appellant cannot now complain. *Storm* v. *Green,* 51 Miss., 103.

The court did not err in allowing Ellis to testify as to the contract between Paxton and Wagner, which Ellis said was in the possession of Wagner. Wagner had the contract, and he could have produced it.

WHITFIELD, C. J., delivered the opinion of the court.

It is insisted that the court erred in allowing the plaintiff to prove by parol the contents of the written contract between Ellis and the tenant, Paxton, which contract was in writing, and was identified on the trial as the contract by Ellis. But the answer to this is that no objection whatever was made in the court below to the parol evidence. The contract ought to have been offered regularly, and, doubtless, if objection had been made to the parol proof, the contract would have been put in evidence.

It is also objected that the court should not have permitted Ellis to testify to the contents of the written contract between Wagner and Calvin Paxton, which contract Wagner made no effort to have on the trial. The state of the record on this is as follows: No objection whatever was made, when Ellis was first examined, as to his stating the contents of this contract. After the defense had concluded its testimony, Ellis was recalled in rebuttal, and asked to repeat his testimony as to what the contract was, or, rather, what names were signed to that contract. This was to contradict Wagner, who testified that he had no contract with Calvin Paxton, but that Tom Dixon had a contract with Calvin Paxton. Then, for the first time, the defendant objected to this testimony. But Wagner had himself, in chief, stated that there was such a contract between Dixon and Calvin Paxton. This objection was overruled, and, very probably, on the ground that it was offered to contradict Wagner, and it is to be noted that the objection did not specify upon what ground it was made; it may have been made—and from the course of the trial, since Ellis' testimony had not been objected to when it was first offered, it probably was made—on the ground that it was not rebutting testimony, in so far as it repeated his testimony in chief as to the contents of the contract. In view of this, the objection came too late, and was too general in its character. But, in addition to this, the defense had itself proved the contract between Dixon and Paxton by Wagner

himself, and also Calvin Paxton, and the testimony clearly shows that Dixon was the agent on land leased by Wagner to him, and liable to Wagner both for rent and supplies. And, finally, Wagner admitted that he had made no search for the contract, or any inquiries whatever as to where it was. Under the circumstances the contract was under the control of Wagner, and ought to have been produced by him. We do not think on this state of the record that this assignment was well taken. Objections should state the ground on which they are made, and be seasonably interposed.

But the verdict was plainly excessive. It was proper to allow the value of the rent Ellis lost, amounting to $201, and it was also proper to allow the damage to the fifteen acres which were not cultivated, and grew up in weeds and briers, which would be in amount $45. The total amount which might thus properly have been allowed would be $246, but the jury rendered a verdict for $300 for the plaintiff.

*If the plaintiff will remit $54, the judgment will be affirmed; otherwise the case will be reversed and remanded.*