BESSLER MOVABLE STAIRWAY CO. v. BANK OF LEAKESVILLE.*

(Division A. Dec. 7, 1925. Suggestion of Error Overruled Jan. 4, 1926.)

[106 So. 445. No. 25254.]

1. PAYMENT. *Money paid through mistake of fact may be recovered, in action for money had and received, if party to whom it was paid is not put into worse situation than if payment had not been made.*

Money paid to another by mistake of fact, although such mistake may have been caused by the payer's negligence, may be recovered from the person to whom it was paid, in an action for money had and received, provided the party to whom the payment by mistake was made is left in the same situation after he refunds it as he would have been had the payment to him not been made.

2. PLEADING. *Every defense not merely constituting denial of allegations of declaration must be pleaded specially, or notice thereof must be given under general issue.*

Section 744, Code 1906 (Hemingway's Code, section 527), has so narrowed the scope and effect of pleas of general issue that every defense not merely constituting a denial of the allegations of the declaration must be pleaded specially, or notice thereof must be given under the general issue.

3. APPEAL AND ERROR. *Trial. Objections to admission of evidence must be specific; general objection to admission of evidence overruled not considered on appeal, unless evidence was inadmissible for any purpose.*

Objections to the admission of evidence must be specific, and a general objection thereto overruled will not be considered by the

supreme court on appeal thereto, unless, on the face of the evidence, in its relation to the rest of the case, there appears no purpose whatever for which it could have been admissible.

*Headnotes 1. Money Received, 27 Cyc., p. 866; Payment, 30 Cyc., pp. 1320, 1321; 2. Pleading, 31 Cyc., p. 218; 3. Appeal and Error, 3 C. J., Section 639; Trial, 38 Cyc., p. 1375.

APPEAL from circuit court of Greene county.

HON. C. C. MILLER, Judge.

Action by the Bessler Movable Stairway Company against the Bank of Leakesville. Judgment for defendant, and plaintiff appeals. Affirmed.

The following is the agreed statement of facts on which the case was tried in the court below:

The following agreed statement of facts shall be taken and used as evidence in the above styled cause by both the plaintiff and the defendant, to be heard by the court, a jury having been waived, the court, however, to be the judge of that part of the agreed statement of facts which is competent as evidence; both the plaintiff and the defendant being in open court to said statement of facts, and both sides waiving the use of witnesses:

It is agreed that on the 28th day of September, 1923, the Continental Lumber Company shipped to the plaintiff, the Bessler Movable Stairway Company, at Akron, Ohio, a carload of lumber as shown by the invoice which is marked Exhibit A to the declaration. That by the terms of the order under which the said lumber was shipped to the Bessler Movable Stairway Company it was shipped f. o. b. Akron, Ohio. That the plaintiff was to pay the freight thereon and deduct same from the amount of the said invoice. A copy of the said invoice and marked Exhibit A is to be used as evidence on the hearing hereof. That the plaintiff did pay the sum of three hundred fifty dollars and nineteen cents freight, but through a mistake of fact neglected to deduct said freight from said invoice and erroneously remitted the full amount of said invoice less the two per cent. for cash, which made the amount

actually remitted the sum of nine hundred fifty-nine dollars and sixteen cents, which was remitted to the Bank of Leakesville, and was by them received by check of the plaintiff, which is attached to this agreed statement of facts, and made a part of the same. That when plaintiff received said invoice it had been assigned to the Bank of Leakesville, as shown by the written assignment thereon, and remittance therefor was received by the Bank of Leakesville.

The Bank of Leakesville had for some time been handling invoices for the Continental Lumber Company, and it received a copy of the invoice here in question and advanced to the Continental Lumber Company five hundred and twenty dollars, and it also received the check that has been introduced here. The Bank of Leakesville, immediately upon receiving the check, paid the note of the Continental Lumber Company for five hundred and twenty dollars, together with interest, and placed the balance of the said check to the credit of the Continental Lumber Company, and the Continental Lumber Company checked out this balance before it received notice of an error being made. That the Continental had gone into bankruptcy before the Bank of Leakesville had any notice of the error being made, and the proceeds of the said invoice had all passed to the benefit of the Continental Lumber Company, and none of the said funds were in the hands of the Bank of Leakesville, and all had passed out of the hands of the Bank of Leakesville before it had any knowledge of any error being made.

It is agreed that the plaintiff is objecting to that part of the agreed statement of facts as being competent evidence as to what the Bank of Leakesville did with the proceeds of the check received by them, said objection to be ruled on by the court in rendering his opinion. That the plaintiff had no notice of the transactions between the Continental Lumber Company and the Bank of Leakesville except the transaction of assigning or involving the assigning this invoice, and no knowledge of the manner of

the assignment except that written notice contained in the invoice itself, and that as soon as it discovered the error it did notify the Bank of Leakesville and make demand for refund, which was refused.

*E. C. Fishel,* for appellant.

*J. W. Backstrom,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The appellant sued the appellee to recover a sum of money which it paid the appellee by mistake, and, from a judgment that it take nothing by the suit, it has brought the case to this court. The case was submitted to the judge of the court below, to be tried by him without a jury on an agreed statement of facts which the reporter will set out in full.

The appellant's contentions are: First, the court should not have taken into consideration the fact that the appellee paid to the Continental Lumber Company the money it had received from the appellant in excess of the amount which the appellant should have paid it; second, and if mistaken in this, that the payment of this money by the appellee to the Continental Lumber Company does not relieve it of liability to the appellant therefor. Both of these contentions are without merit, and for convenience will be taken in their inverse order.

Money paid to another by mistake of fact, although such mistake may have been caused by the payer's negligence, may be recovered from the person to whom it was paid, in an action for money had and received. *Bank of Louisiana* v. *Ballard,* 7 How. 371; *Holden* v. *Davis,* 57 Miss. 769; 21 R. C. L. 167; 30 Cyc. 1321. The ground on which such recovery is allowed is that one receiving money paid to him by mistake should not be allowed to enrich himself at the expense of the party who paid the money to him by retaining it, but in equity and good conscience should refund

it. In order that this rule may apply, the party to whom the payment by mistake was made must be left in the same situation after he refunds it as he would have been had the payment to him not been made. *Holden* v. *Davis, supra;* 21 R. C. L. 170; Keener on *Quasi*-Contracts, 59 et. seq. To require him to refund the money would be to throw a loss upon him which he would not have suffered had it not been for the mistake or negligence of the person who paid the money to him; and to require him to suffer the loss instead of the person through whose negligence or mistake it was caused would be highly inequitable. The assignment under which the appellee collected the money here in question was not absolute, but was to secure the payment of a debt by the assignor, and, under it, it was the appellant's duty to pay the assignor any money it received from the appellant in excess of the debt due it by the assignor. The appellant having discharged its duty, the loss resulting therefrom must be borne by the appellant, through whose mistake it was caused.

This brings us to the appellant's contention that the evidence of what disposition the appellee made of the money received by it from the appellant is incompetent, and therefore, under the agreed statement of facts, should not have been considered by the court below. The only plea filed by the appellant was the plea of *nil debit* and no notice was given therewith of any affirmative matter which it might seek to introduce in evidence. The ground of the appellee's contention is that the disposition made by the appellee of the money paid it can be availed of only as an affirmative defense and that, consequently, evidence thereof is not admissible under a plea of general issue. At common law, any fact which negatived the right of a plaintiff to recover could be given in evidence under a plea of *nil debit;* but by section 744, Code of 1906 (Hemingway's Code, section 527), the scope and effect of pleas of general issue have been narrowed and "every defense not merely consisting of a denial of the allegations of the declaration must be pleaded specially, or given notice of

[must be given] under the general issue." *Tittle* v. *Bonner,* 53 Miss. 578.

Assuming for the purpose of the argument that the evidence of what disposition the appellee made of the money paid to it by the appellant in no way denies the allegations of the appellant's declaration, but is affirmative matter in avoidance thereof, nevertheless the objection made thereto in the agreed statement of facts cannot here be considered, for it is a general and not a specific objection. The rule, first announced by the old High Court of Errors and Appeals in *Helm* v. *Natchez Insurance Co.,* 8 Smedes & M. 197, is that a general objection to evidence overruled will not be considered in the supreme court. *Routh* v. *Agricultural Bank,* 12 Smedes & M. 161; *Wesling* v. *Noonan,* 31 Miss. 599; *Morris* v. *Henderson,* 37 Miss. 492; *Monk* v. *Horne,* 38 Miss. 101, 75 Am. Dec. 94; *Railroad Co.* v. *Moye,* 39 Miss. 374; *Mississippi Mills* v. *Smith,* 69 Miss. 299, 11 So. 26, 30 Am. St. Rep. 546; *Wagner* v. *Ellis,* 85 Miss. 422, 37 So. 959. The grounds of this rule are that objections to evidence should be specific, first, so that the party introducing it may remove the objection, if he can do so, and that the court may be enabled to rule intelligently thereon; and, second, in order that an appellant may be confined in the supreme court to the same ground of objection made by him in the court below, the supreme court being a court of appellate jurisdiction only. The one exception to this rule is that when "on the face of the evidence, in its relation to the rest of the case, there appears no purpose whatever for which it could have been admissible, then a general objection, though overruled, will be deemed to have been sufficient." 1 Wig. on Evidence, section 18; *Mississippi Mills* v. *Smith,* 69 Miss. 299, 11 So. 26, 30 Am. St. Rep. 546.

The evidence of the disposition made by the appellee of the money paid it established the defense which it was seeking to make, and, if incompetent because notice thereof was not given with the plea, such notice could have been given, and the evidence thereby made competent, when the objection thereto was raised in the court below.

*Affirmed.*