SYLVANIA INS. CO. *v.* SIMMONS *et al.*

(Division A.   Nov. 24, 1930.)

[131 So. 94.   No. 28952.]

**Butler & Snow,** of Jackson, for appellant.

**Howie & Howie,** of Jackson, for appellee.

598

**Cook, J.,** delivered the opinion of the court.

The appellees, A C. Simmons and W. T. Howie, instituted this suit in the circuit court of the First district of Hinds county, against the appellant, Sylvania Insurance Company, on a policy of insurance issued by the appellant insuring the appellees in the sum of seven hundred dollars against loss by reason of the theft of a certain automobile owned by the appellee Simmons, and upon which the appellee Howie held a mortgage for the purchase price thereof, and, from a directed verdict and judgment in favor of the appellees, this appeal was prosecuted.

The policy sued on was in the usual form of theft insurance policies and contained the usual provisions that it should be void in the event of violation by the insured of any agreements, conditions, and warranties contained therein. To the declaration, the appellant insurance company filed a plea of the general issue, and gave notice thereunder that at the trial of the cause it would offer evidence to prove that the policy of insur-

ance by the terms and conditions thereof provided that it should be void, in the event of a violation by the assured named therein, of any of the agreements, conditions, and warranties contained therein, and that said policy provided that, in the event of loss or damage to property covered thereby, the assured should give immediate notice thereof to the company in writing; that the said policy also provided that within sixty days after any loss or damage, unless said time was extended in writing by the company, the assured should render a statement to the company, signed and sworn to by him, stating the place, time, and cause of the loss or damage, and other information; that the assured wholly failed to give immediate notice in writing of said alleged loss, and wholly failed to file the said proof of loss, as required by the said terms and conditions of the policy; and that, therefore, it was void and unenforceable. To this notice under the general issue, the appellees filed no reply, and filed no notice to the appellant of any special matter which they intended to give in evidence in denial or avoidance of the matters set out in the notice filed by the appellant.

In the evidence offered by the appellees, violations of the above-stated provisions of the policy were shown, but, in avoidance of these breaches of the agreements and conditions of the policy, the appellees offered evidence tending to establish a waiver of the provisions of the policy requiring immediate written notice of loss, and requiring the filing of proof of loss within sixty days from the date of the loss. To this proof offered to establish the waiver, the appellant interposed a general objection which was overruled, and, at the conclusion of the evidence offered by the appellees, the appellant moved the court to exclude the evidence and direct a verdict for it, this motion setting forth as the ground thereof the above-stated violations of the provisions of the policy. This motion was overruled, and thereupon the

appellant rested its case, and the court granted the peremptory instruction requested by the appellees directing a verdict in their favor for the sum sued for, and, from the judgment entered on the verdict returned in pursuance of this peremptory instruction, this appeal was prosecuted.

In support of its contention that the court below erred in refusing to grant the peremptory instruction requested by it, and in directing a verdict for the appellees, the appellant contends that, under the pleadings, the evidence tending to establish a waiver of the provision of the policy set up in the appellant's notice under the general issue filed by it was inadmissible. In response to the special defensive matters set up by the appellant in its notice under the general issue, the appellees did not file any notice of the special matter which they intended to give in evidence in denial or avoidance thereof, as required by section 536, Code 1930, to render such evidence admissible. This statute provides that, when a defendant has given notice under the plea of the general issue of special matter which he intends to give in evidence in bar of the action, "the plaintiff shall, before the trial of the cause, file a written notice to the defendant of any special matter which he intends to give in evidence in denial or avoidance of such special matter so given notice of by the defendant, and to which it would have been necessary to reply specially had the defendant's defense been specially pleaded; and if notice be not given as required, evidence of such matters shall not be admissible on the trial."

Under and by reason of the provisions of this statute, the testimony offered by the appellees to establish a waiver of the provisions of the policy in reference to notice to the company of loss, and proof of loss, was clearly inadmissible if proper objections thereto were made. The record discloses, however, that to the introduction of this evidence the appellant interposed only

a general objection, and it has been repeatedly held by this court that "objections to the admission of evidence must be specific, and a general objection thereto overruled will not be considered by the supreme court on appeal thereto, unless, on the face of the evidence, in its relation to the rest of the case, there appears no purpose whatever for which it could have been admissible." Bessler Movable Stairway Co. v. Bank, 140 Miss. 537, 106 So. 445, and authorities there cited. In this case the court said that: "The grounds of this rule are that objections to evidence should be specific, first, so that the party introducing it may remove the objection, if he can do so, and that the court may be enabled to rule intelligently thereon; and, second, in order that an appellant may be confined in the supreme court to the same ground of objection made by him in the court below, the supreme court being a court of appellate jurisdiction only."

The force and importance of the first ground of this rule, that objections to evidence should be specific so that the party interposing it may remove the objection, if he can do so, and that the court may be enabled to rule intelligently thereon, is well illustrated in the case at bar. The evidence to which only a general objection was offered tended to establish matter in avoidance of the defensive matter set up by the appellant in its notice under the general issue, and, if incompetent because written notice thereof in reply to appellant's notice of special defensive matter was not filed, such notice could have been given and the evidence thereby made competent, if objection had been made upon the specific ground that such notice had not been given. The evidence offered by appellees to show a waiver of proof of loss, and notice to the company of such loss, was uncontradicted, and we think it was sufficient to establish such waiver. Therefore the judgment of the court below will be affirmed.

Affirmed.