## Jackson *v.* State.

(In Banc.  April 4, 1932.  Suggestion of Error Overruled May 9, 1932.)

[140 So. 683.. No. 29850.]

**L. H. McGehee,** of McComb, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, and **D. C. Bramlett,** of Woodville, for the state.

Argued orally by **L. H. McGehee**, for appellant, and by **D. C. Bramlette**, for the state.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment sentencing the appellant to be hanged for murder.

The appellant's contentions are that the evidence is insufficient to support the verdict, and the court below erred in admitting his confession in evidence.

Alice Jackson testified for the state that on the night of August 25th the appellant came to her house to see another woman by the name of Luella, who was his mistress. Luella was not there, but the appellant spent the night at the house. The next morning, about daylight, the deceased came to the house and called for Luella, his purpose being to have her pick cotton for him. He did not enter the house, but called to the parties therein from the outside. The appellant arose from the bed in which he was sleeping, dressed, and took from under his pillow a pistol he had put there the night before. When the witness told the deceased that Luella was not there, the appellant told her to ask him if he had any cotton to pick, and, on the deceased's asking who it was that spoke, she told him it was the appellant. The deceased then asked the appellant "Did he have anything to do?" to which the appellant replied that he had a crop; whereupon the deceased said, "Don't you think it time to go to work?" And the appellant replied, "Yes, he was going." It was then that the appellant got up, put on his clothes, and took the pistol from under the pillow. The witness then left the house, and saw the deceased walking away from it toward his automobile, which was parked a short distance away. A short time there-

after, the witness, who then had arrived at a neighbor's, heard a pistol shot, went back to her house, and found the deceased lying on the ground near his automobile dead, with an open knife in one hand, and a short stick grasped by the middle in the other. He was killed by a pistol bullet fired close enough to powder-burn his clothing; he had also a bruise under one of his eyes. The appellant was not at the house when the witness returned thereto, but was afterwards arrested, though there is no evidence of an attempted flight by him.

A deputy sheriff by the name of Harvey testified that he brought the appellant to the courtroom, and, while on the way there, had a "casual conversation" with him, in which he told the witness about the difficulty. He was then asked, "What did he say about it?" to which he answered, "He said he shot Mr. Bates" (the deceased). Counsel for the appellant then interposed as follows: "Defense objects to any confession made to Mr. Harvey by this defendant." This objection was overruled, and the witness proceeded to complete his answer by saying: "And he told me further where it happened." The witness was not cross-examined, and the foregoing embodies all of his testimony.

The appellant offered no evidence.

The admission of the appellant that he killed the deceased necessarily carries with it, under the evidence, an admission that he killed him with a deadly weapon, from which, in the absence of any explanation thereof, an inference that the killing was with malice arises, which, together with the other evidence hereinbefore set forth, is sufficient to support the verdict.

The objection now urged by the appellant against the admissibility of the confession is that it was not shown to have been freely and voluntarily made.

It is true that on objection thereto, on the specific ground that it was not freely and voluntarily made, a confession should not be admitted in evidence until shown

to have been so made, but no such specific objection was made in the court below, and cannot be made in this court for the first time.

Except as hereinafter stated, error in the admissibility of evidence can be predicated only on an objection thereto, specifically pointing out the infirmity therein. Bessler Movable Stairway Co. v. Bank of Leakesville, 140 Miss. 537, 106 So. 445; Helm v. Natchez Ins. Co., 8 Smedes & M. 197; Rabe v. Fyler, 10 Smedes & M. 440, 48 Am. Dec. 763; Routh v. Agricultural Bank, 12 Smedes & M. 161; Wesling v. Noonan, 31 Miss. 599; Morris v. Henderson, 37 Miss. 492; Monk v. Horne, 38 Miss. 101, 75 Am. Dec. 94; R. R. Co. v. Moye, 39 Miss. 374; Heard v. State, 59 Miss. 545; Mississippi Mills v. Smith, 69 Miss. 299, 11 So. 26, 30 Am. St. Rep. 546; Wagner v. Ellis, 85 Miss. 422, 37 So. 959; Foster v. Meridian, 150 Miss. 715, 116 So. 820; Bell v. Smith, 155 Miss. 227, 124 So. 331; and Sylvania Ins. Co. v. Simmons, 158 Miss. 596, 131 So. 94.

This is one of the most elementary rules of appellate court procedure, and should not be departed from for three reasons: (1) Unless an objection to evidence specifically points out the alleged infirmity therein, the trial court cannot intelligently rule on its admissibility; (2) the party offering the evidence should, in all fairness, be apprised of the alleged infirmity therein, so that he may, if he can, remove it; and (3) in order that the parties to the litigation may be confined in the supreme court to the questions litigated in the trial court, the supreme court being a court of appellate jurisdiction only.

The only exception to this rule is that when, "on the face of the evidence, in its relation to the rest of the case, there appears no purpose whatever for which it could have been admissible, then a general objection, though overruled, will be deemed to have been sufficient." 1 Wig. on Evidence, sec. 18; Mississippi Mills v. Smith,

supra; and Bessler Movable Stairway Co. v. Bank of Leakesville, supra.

The witness stated that the confession was made in a casual conversation, which seems to imply that it was free and voluntary; but aside from that, had a specific objection been made on the ground that it was not free and voluntary, the state would have had an opportunity of proving that it was.

If the writer were to hazard a guess as to what specific objection to the confession the attorney who made the objection had in mind, he would be inclined to say, because of the language in which the objection was couched, that it was the fact that the confession was made to an officer having the appellant in custody, that fact being sufficient in some jurisdictions, but not with us to render a confession inadmissible.

The case of Hathorn v. State, 138 Miss. 11, 102 So. 771, though not cited or relied on by counsel for the appellant, should not go unnoticed, for the reason that a confession was there admitted, over a general objection thereto, and the court held that it should have been excluded for the reason that it did not appear from the evidence to have been freely and voluntarily made. That case, however, is no authority for disregarding the rule that had been in vogue with us, at least since 1847, as will appear from the cases hereinbefore cited, that a general objection to evidence overruled cannot be availed of in the supreme court, for the reason that the court's attention was not there called to the rule by counsel. Had the court there expressly decided that a general objection to evidence overruled could be availed of in the supreme court, we would not hesitate to overrule the case. But the court did not expressly so decide; it merely overlooked the rule, and said nothing about it. Moreover, the rule as to the necessity for a specific objection to evidence has been twice applied by this court since the Hathorn case was decided. In Bell v. Smith, 155 Miss. 227, 124 So. 331, 332, where Judge ANDERSON, speaking for the court,

said: "A general objection to evidence, overruled by the trial court, will not be considered on appeal, unless it be apparent that such evidence had no probative value on any material issue in the cause." And in Sylvania Ins. Co. v. Simmons, 158 Miss. 596, 131 So. 94, 95, Judge Cook, speaking for the court, said: "The record discloses, however, that to the introduction of this evidence the appellant interposed only a general objection, and it has been repeatedly held by this court that 'objections to the admission of evidence must be specific, and a general objection thereto overruled will not be considered by the supreme court on appeal thereto, unless, on the face of the evidence, in its relation to the rest of the case, there appears no purpose whatever for which it could have been admissible.' "

Affirmed, and sentence to be executed on Thursday, May 12, 1932.

**Griffith, J.**, delivered a dissenting opinion.

At the time this case was tried the opinion and decision of this court in Hathorn v. State, 138 Miss. 11, 102 So. 771, stood undistinguished and unqualified as the law of this state. Appellant had the right to try his case, and to be tried, under that decision, under the opinion of the court as therein written upon the exact point which is here involved, and in reliance on the rule which was there specifically announced. That case expressly holds, as is shown by the second syllabus by the court, that, "before a confession is received in evidence, where it is objected to, it must be shown that it was free and voluntary, and, where objection is made, the proof that it was free and voluntary should precede the admission of the confession." Plainly, as shown by the written opinion, the objection made in the Hathorn case was a general objection, as was made here, and plainly in the Hathorn case the court held that on that objection the proof that it was free and voluntary should precede the admission

of the confession. Plainly no such proof was made in the case now at bar. The judgment and sentence in the Hathorn case was reversed, but here, although the appellant in this case has been sentenced to death, the court, in order to reach an affirmance, deprives him of the specific rule on which he had a right to rely in the trial of his case, and now sidesteps and in effect overrules the Hathorn case. Such a course in a death case I cannot consent to, and from it I respectfully dissent.

Furthermore, under the decisions of our court, the only pertinent objection that could be made to a confession, in the state of the case as it was then before the trial court, was that it was not free and voluntary. As the matter stood before the court the only possible objection that was available was whether or not the confession was competent, and the competency of a confession depends as a basis upon whether it was free and voluntary. Manifestly a confession is not competent unless free and voluntary, and there could be no difference of legal opinion on that question. The rule is that, where the grounds of an objection are so apparent or manifest that no reasonable difference of opinion could arise over it, then a general objection is sufficient. When the grounds of an objection are manifest to those learned in the law, why, then, shall the record be incumbered with the statement of the ground thereof, when without the statement the ground is equally apparent? Why require the doing of that which serves no actual or efficient purpose?

But even if the latter were not the correct general rule, I cannot see how a court can gain its consent to send this human being to the gallows in full view of the fact that in a previous decision and opinion squarely in point, and under which decision the present case was tried, the court in said previous opinion has held that what occurred in that case, and which is exactly what occurred in this case, is reversible error. I am compelled by those conceptions of justice which appeal strongest to me to respectfully decline to assent that a man by the name of

Hathorn shall have his case reversed, and that another man named Jackson shall have his case affirmed and he go to the hangman upon a difference of decision on exactly the same record, and particularly when the latter tried his case according to the rule announced in the case of the former.

**Anderson, J.,** delivered a dissenting opinion.

I dissent in this case; but I put my dissent upon the ground embodied in the second paragraph of Judge GRIFFITH's dissent.