## PICKETT *v.* STATE.

(Division A. Oct. 17, 1932. Suggestion of Error Sustained, Nov. 28, 1932.)

[143 So. 692. No. 30190.]

(Division A. Nov. 28, 1932.)

[144 So. 552. No. 30190.]

For former opinion, see 143 So. 692.

**Ely B. Mitchell,** of Corinth, and **T. A. Clark,** of Iuka, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

The appellant was convicted of robbery and sentenced to serve a term in the state penitentiary, from which he appeals to this court.

Mrs. Mattie Hathcock, about seventy-one years of age, was being driven in a wagon by her nephew, Frank Fields, for the purpose of visiting her sister, the mother of Frank Fields. At about three o'clock in the afternoon, James H. Pickett appeared in the wagon as they were driving along, having walked in over the end gate of the wagon; ordered Mrs. Hathcock and Fields to hold up their hands, and robbed them, holding a pistol on them. Fields gave the robber about seventeen dollars, and he then told Mrs. Hathcock she was the one he was after, and that she had a roll on her and to give it up. She was robbed of four hundred eighty-seven dollars, the denominations of the bills being twenty-three twenties; two tens, and seven one dollar bills.

Pickett's father and mother lived about three-fourths of a mile from the place where the robbery occurred. Fields and Mrs. Hathcock stopped at Pickett's home (he was not there at the time) and told them about the robbery. Mrs. Hathcock was positive in her identification of Pickett, as the guilty party.

The defense was an alibi, the appellant, Pickett, returning home shortly after the visit of Fields and Mrs. Hathcock. She saw Pickett the next morning and declared that he was the party who robbed her. There was contradiction of her, as to statements she made accusing another party of the crime.

It is, perhaps, true that she identified Pickett by hearing his voice, but she had known him before the occasion of the robbery.

When Pickett was arrested by the sheriff on the following afternoon, he had, on his person, eight twenty dollar bills, one ten dollar bill, and seven one dollar bills. While on the witness stand, the appellant, Pickett, accounted for this money by claiming that he was paid that amount by one Flanagan for hauling whiskey from Tennessee. Flanagan went upon the witness stand, and contradicted this statement by Pickett.

The appellant moved to exclude the evidence of Mrs. Hathcock upon the ground that her identification of him depended upon knowledge obtained by her through the sense of hearing, but the court overruled this motion.

We shall state other facts in connection with the assignments of error.

It is insisted that the evidence of Mrs. Hathcock is not sufficient upon which to rest the conviction, because her main reason for identifying him was knowledge obtained by a recognition of his voice. We do not think there is any merit in this contention for two reasons: (1) While being robbed in the daytime, Mrs. Hathcock obtained some information independent of her recognition of his voice; and (2) the appellant, Pickett, was missing from his home during the time of the robbery, having left home shortly before that time, and returned shortly after the robbery, having upon his person a number of twenty dollar bills, the possession of which he accounted for in the manner detailed above.

On the first proposition, while it may be true that knowledge obtained through the sense of hearing is not as strong and convincing as knowledge obtained through the sense of sight, yet this is a matter, with the other facts and circumstances, to be considered by the jury on the trial of the case, and, second, there were other circumstances which the jury might have considered as supporting the identification. The jury might

have found that the appellant falsely accounted for the possession of a number of twenty dollar bills.

All the testimony and contradictions argued by counsel for the appellant at great length were arguments calculated to influence the jury, but the whole matter was a question of fact for the jury to decide. The jury is the sole judge of the weight and credibility of witnesses.

Frank Fields was jointly indicted with Pickett, but on motion for a severance, the appellant, Pickett, was tried separately. The sheriff, Meeks, was permitted to testify that he released the appellant on bond on the afternoon of his arrest, and that he (the sheriff) immediately started for Tishomingo county to arrest Frank Fields, but on reaching the place where Fields was, the appellant was also there. The objection to this evidence is general, and not specific, and, therefore, cannot be assigned as error here. Jackson v. State (Miss.), 140 So. 683.

It is urged that the court erred in permitting the testimony of John Hathcock as to a conversation the alleged coconspirator, Frank Fields, had with him a night or two before the robbery, Fields then inquiring as to whether or not Mrs. Hathcock had withdrawn all her money from the bank which had failed, and being informed that she had. When this evidence was offered, the appellant objected in the following language: "Defendant objects, not on the main issue in the case. Overruled by the court, to which defendant excepts. Defendant objects on the ground it should have been put on in chief. Overruled by the court to which defendant excepts."

It is now presented to this court, as an objection to this testimony that it was the declaration of the alleged coconspirator out of the presence of the accused, and was, therefore incompetent. This conversation took place before the robbery.

There is no merit in the contention. The objection here is one not presented to the lower court. The presentation of a specific ground of objection is a waiver of other grounds of objection which might have been interposed, and we cannot reverse a case here on a different ground of objection than that presented to the lower court.

We have apparently disposed of this question, stating the rule and the exception thereto, and this case does not fall within the exception. Jackson v. State, supra.

There are numerous other assignments of error in' which, in our opinion, there is no merit. The defendant was not entitled to a peremptory instruction, nor is there any reversible error in the instructions granted by the court.

Affirmed.

### ON SUGGESTION OF ERROR.

**McGowen, J.,** delivered the opinion of the court on suggestion of error.

On a former day of this term of court this case was affirmed, and a written opinion filed therein. 143 So. 692. Upon a re-examination of the case, induced by the suggestion of error of the appellant, we have decided that the former opinion contains error, that the case should be reversed and remanded, and that the former opinion should be withdrawn, and this opinion filed in lieu thereof. The former judgment is set aside.

The appellant was convicted of robbery, and sentenced to serve a term in the state penitentiary, from which judgment he appealed to this court.

Mrs. Mattie Hathcock, about seventy-one years of age, was being driven along ·c highway in a wagon by her nephew, Frank Fields, for the purpose of visiting her sister, the mother of Frank Fields. About three o'clock in the afternoon, as they were proceeding along the highway, a man appeared in the wagon, in their rear, apparently having climbed into the wagon over the end-

gate thereof. This man pointed a pistol at Mrs. Hathcock and Frank Fields, ordering them to hold up their hands, and robbed them. He took from Frank Fields about seventeen dollars; and then told Mrs. Hathcock, "You are the one I am after." She reluctantly gave up her money, about four hundred eighty-seven dollars in bills in amount and denominations as follows: Twenty-three twenties, two tens, and seven ones.

Pickett's parents lived about three-fourths of a mile from the point where the robbery occurred. Fields and Mrs. Hathcock stopped at Pickett's home—he was not there at the time—and told that family of the robbery. The following day Mrs. Hathcock saw James Pickett and heard his voice, and thereafter was positive in her identification of Pickett. By several witnesses she was contradicted, in that it was shown that, between the time of the robbery and the time she saw Pickett and heard his voice, she had laid the crime to another and different person.

When Pickett was arrested by the sheriff on the following afternoon, he had on his person eight twenty dollar bills, one ten, and seven ones. While on the witness stand, Pickett accounted for his possession of this money by claiming that it was paid to him by one Flanagan, for hauling whisky from Tennessee. Flanagan went on the witness stand and contradicted this statement. The appellant moved to exclude the evidence of Mrs. Hathcock, on the ground that her identification of Pickett depended upon knowledge obtained by her through the sense of hearing. This motion was overruled by the court.

Other facts will be stated in connection with the assignment of error.

It is insisted that the evidence of Mrs. Hathcock is not sufficient to rest the conviction upon, because she identified Pickett through knowledge obtained by means of her sense of hearing—by recognizing his voice.

It is perhaps true that her identification of Pickett as the robber is based upon a comparison of the robber's

voice with that of Pickett, on the following day. She saw the robber, but did not see his face, which was covered by a handkerchief.

There were other slight circumstances, besides the identification, tending to support the theory of the state.

It is true that identification by the sense of hearing is weaker and less convincing than an identification through the sense of sight. Yet the evidence obtained through the sense of hearing is competent, and, under all the facts and circumstances in this case, was a question for the jury to determine; so we are of the opinion that the lower court should not be reversed on this point.

Frank Fields, who accompanied his aunt in the wagon at the time of the robbery, was jointly indicted with Pickett; and on motion for a severance the latter was tried separately. Frank Fields testified as a witness for the appellant, and was positive that Pickett was not the robber.

In this connection, John Hathcock was permitted to testify to a conversation he had with Frank Fields a night or two before the robbery, in which Frank Fields inquired of him whether or not Mrs. Mattie Hathcock had withdrawn all of her money from the bank which had failed, and was informed by the witness that she had.

When this evidence was offered, the appellant objected in the following language: ''Defendant objects, not on the main issue in the case. Overruled by the court, to which defendant excepts. Defendant objects on the ground it should have been put on in chief. Overruled by the court to which defendant excepts.''

We are now of the opinion that this evidence as to a conversation between Fields and Hathcock, not shown to have been in the presence of the appellant, nor in any manner connected with him, was incompetent for any purpose of this case. There was no substantial proof of a conspiracy offered; neither was there any evidence tending to connect the appellant, Pickett, with this conversation. We think the objection to this con-

versation should have been sustained, as set forth in the exception to the general rule as announced in Jackson v. State, 163 Miss. 235, 140 So. 683.

This evidence, in a close case presented to the jury on the authority of the court, as to the action of a third person jointly indicted with the appellant, was prejudicial to his rights, and may have aided in tipping the scales against him where the identification was weak, and the facts and circumstances tending to show guilt were not of themselves strong. We have therefore concluded that it is our duty, for this error, to reverse and remand the case, in order that the appellant may have another trial.

Suggestion of error sustained, and reversed and remanded.