337 So.2d 706 (1976)
Randolph MARTIN and Gerald Martin
v.
L.R. WADLINGTON, Administrator of Estate of Catherine C. Wadlington, Deceased, et al.
No. 48821.
Supreme Court of Mississippi.
September 21, 1976.
Rehearing Denied October 12, 1976.
*707 Henry, Barbour & DeCell, William H. Barbour, Jr., Yazoo City, for appellants.
James T. Bridges, Belzoni, for appellees.
Before INZER, SMITH and BROOM, JJ.
BROOM, Justice, for the Court:
The Dead Man's Statute, and sufficiency of proof as to quantum of damages in a controversy about rent due under a written agricultural lease for the years 1971-1973, are focal aspects of this case. Appellants (defendants), Randolph Martin and Gerald Martin, appeal from a decree of the Chancery Court of Humphreys County, Mississippi, awarding appellees (complainants), L.R. Wadlington, Administrator of the Estate of Catherine C. Wadlington, and three other heirs of the deceased, a $37,502.88 money judgment. We affirm as to liability.
Appellees sued appellants for 1973 crop rental pursuant to the lease contract entered into between appellants (lessees) and appellees' decedent, Mrs. Catherine C. Wadlington (lessor), who died March 25, 1973. The action focuses on a portion of the contract which provided that the appellants would pay Mrs. Wadlington:
One-fourth (1/4) of all crops of every kind, character or description produced on said land for the years 1971, 1972 and 1973.
Appellees' bill averred that the rental due for 1973 (one-fourth of the crops) had not been paid. Settlement was made of all issues except as to cotton rental so that at trial the sole issue related to appellees' failure to pay one-fourth of the cotton crop produced on the land in 1973. Attached to the complaint were interrogatories seeking detailed information regarding the 1973 planting of crops and their present status.
Along with their answer, as part of their affirmative defense, appellants averred that on February 27, 1973, they entered into a contract with V. & M. Cotton Company for the sale of all cotton (at 30¢ per pound  the going market price increased to 86¢ in December) to be produced on the leased premises during 1973. Appellants averred that upon receiving notice from the appellees, V. & M. Cotton Company refused to except one-fourth of the 331 bales of cotton. They also averred that they had specific authority from the lessor to sell the cotton on a future contract and that the language in the lease, "one-fourth (1/4) of all crops of every kind, character or description produced on said land ..." normally meant one-fourth of all the proceeds based on both the course of dealing between the parties and the customary practice in the *708 industry. At trial, the chancellor determined that the complainants were entitled to a judgment in the amount of one-fourth of the average value of all the cotton produced on the land during 1973. He determined value as of December 31, 1973, the last day of the term of the lease.
On appeal, appellants contend that the chancellor erred in sustaining objections to Wadlington's testimony on the basis of the Dead Man's Statute [Miss. Code Ann. § 13-1-7 (1972)]. Therefore, they were unable to prove that in previous years the deceased (lessor) had accepted one-fourth of the proceeds (rather than in kind) produced by the crops during the lease term. Appellants also contend that their incompetency to testify under the Dead Man's Statute was waived by appellees, and that accordingly they should have been allowed to testify at hearing.
Regardless of whether there is merit in these contentions of appellants, the issue is not properly before the court. As stated in Manning v. Hammond, 234 Miss. 299, 307-08, 106 So.2d 51, 55 (1958), and quoted in Robinson v. Humble Oil & Refining Co., 253 Miss. 602, 176 So.2d 307 (1965):
[W]e cannot consider such error because it does not appear in the record what was proposed to be proved by these witnesses, and we are, therefore, not in a position to say whether the offered testimony would be material and relevant or whether its exclusion constituted prejudicial error.
Appellants argue that the record adequately preserved the question for appeal because the specific questions asked the Martins appear in the record. They also make the novel, if not ingenious, argument that "it is immaterial what his (Administrator Waddlington's) answers would have been" because their purpose was to circumvent the effect of the Dead Man's Statute by having Wadlington answer questions designed for such purpose. By so doing, as stated in their reply brief, they would have succeeded in "opening the door to the testimony of appellants themselves." However, no true profert of testimony was made nor was any statement dictated into the record as to what the testimony of these witnesses (whose testimony was disallowed pursuant to the statute) would have been. This Court cannot speculate on the basis of implication as to what the proof in this case might have been, and therefore appellants' contention is without merit. Our rule is that in making profert of testimony rejected by the trial court, counsel must cause the record to clearly reflect what he intended to prove by such testimony. 75 Am.Jur.2d Trial § 131 (1974); Kinney v. State, Miss., 336 So.2d 493, 1976; Daziet v. Bass, 254 So.2d 183 (Miss. 1971); W.T. Rawleigh Co. v. Foxworth, 194 Miss. 205, 11 So.2d 919 (1943); Sylvania Ins. Co. v. Simmons, 158 Miss. 596, 131 So. 94 (1930); Bessler Movable Stairway Co. v. Bank of Leakesville, 140 Miss. 537, 106 So. 445 (1926). Moreover, when (based on the Dead Man's Statute) the chancellor sustained appellees' objection to questions propounded to the witnesses by appellants' counsel, counsel made no point or argument that appellees waived the incompetency of any witness by failing to waive answer under oath in the original bill.
Other errors were argued by appellants but only one merits discussion; and it requires remand of the case as to proof of damages. Proof in the record shows the quantity of cotton produced on the leased land in 1973, but does not establish the value of the cotton with any reasonable certainty. Raw cotton even after ginning may be of several grades and it varies as to staple lengths and micronaire qualities. Scrutiny of the record shows that at trial there was a failure of proof to establish the grade, staple or micronaire of the bales of cotton at issue. It appears from the record that the proof failed to establish the value of the particular cotton produced on the lands which were leased unto the appellants. Accordingly, the cause will be remanded for a new trial on the issue of damages.
AFFIRMED AS TO LIABILITY, BUT REMANDED AS TO QUANTUM OF DAMAGES.
*709 GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.