MOBILE & OHIO RAILROAD CO. *v.* W. W. MULLINS ET AL.

INSTRUCTION.   *Contributory negligence.   Question for jury.*

  In an action against a railroad company for damage to horses transported,
     where the question is the alleged contributory negligence.of plaintiffs, in
     ʹ failing to feed the horses at a certain station, whereby, it is claimed, they
     became weak and more subject to injury, it is error to charge, as matter
     of law, that plaintiffs were not negligent as to this, if they were in-
     formed by an employe of defendant that the cars containing the horses
     would not be delayed at such station.  In such case, the question of con-
     tributory negligence is one of fact for the jury.

ʹ FROM the circuit court of Monroe county.

HON. LOCK E. HOUSTON, Judge.

Appellees sued the. Mobile & Ohio Railroad Company for
damages alleged to have been sustained by them, by reason
of a breach of contract on the part of defendant in trans-
porting two car-loads of horses from Meridian to Aberdeen,
Miss.  The horses were shipped from San Antonio, Texas, to
Aberdeen, and the contract of through shipment, made with

the Galveston, Harrisburg & San Antonio Railroad Company, was made a part of the declaration, and introduced in evidence. Under the terms of the contract, one of the plaintiffs for each of the cars was transported without additional charge, and it was stipulated that they should take care of and water and feed the stock along the route. The horses were fed and watered at New Orleans. From that point to Aberdeen it was about twenty-two hours' run, and it was shown that the stock could very well go that long without being fed and watered. The cars reached Meridian, and came into possession of defendant about eight o'clock in the morning. The testimony for plaintiffs tended to show that all the horses, except one, were then in apparently good condition, and that the train-dispatcher of the defendant informed plaintiffs that the cars would be promptly forwarded on the way to Aberdeen at nine o'clock, but they did not leave Meridian until about half-past two o'clock in the afternoon. The horses were not fed and watered at Meridian. The plaintiffs testified that this was not done because they were momentarily expecting the cars to leave.

When the horses reached Aberdeen, it was shown that they were bruised and injured, and in a bad condition generally. Plaintiffs claimed that this was due to the negligence and mismanagement of the defendant in transporting the stock. On behalf of defendant, it was claimed that the failure of plaintiffs to feed and water the horses at Meridian rendered them weaker and more liable to injury during the remainder of the journey, which was about 126 miles.

From this statement, it will be seen that the failure to feed and water the stock at Meridian became a material fact in the determination of the case. The questions of fact involving the defendant's liability were controverted in the evidence. Among other things, at the instance of plaintiffs, the following instruction was given:

2. "The court charges the jury that if they believe from the evidence that the train-dispatcher or engineer of the

Mobile and Ohio Railroad told plaintiffs, or either of them, at Meridian, Mississippi, that their stock-cars would leave Meridian at 9 A.M., then it was not negligence in plaintiffs not to feed at Meridian."

Verdict and judgment for plaintiffs. Motion for new trial overruled. Defendant appeals. In view of the opinion, it is not necessary to make any further statement of the case.

*Sykes & Bristow*, for appellant.

Under the contract, it was the duty of plaintiffs to feed and water the stock at Meridian. The alleged statement of the train-dispatcher, to the effect that the cars would leave there at nine o'clock, did not excuse them from doing this, especially as the cars remained at Meridian about six hours after that time. It was plainly error for the court to instruct, as a matter of law, that the plaintiffs were not negligent as to this.

*Clifton & Eckford*, for appellees.

The evidence shows that the animals were injured by the mismanagement and negligence of defendant in switching and handling the cars at Meridian, and after leaving there.

Plaintiffs' second instruction was properly given because of the statement of the train-dispatcher that the cars would be promptly forwarded at nine o'clock. Before defendant should be permitted to set up contributory negligence in the failure to feed and water the stock, it should be shown that its employes notified plaintiffs of the probable delay at Meridian. It was necessary for plaintiffs to be constantly in readiness to leave there. For this reason, the horses were not unloaded for food and water. The fact that it finally turned out that there was ample time for this, does not affect the question.

CAMPBELL, C. J., delivered the opinion of the court.

Without further remark, we will reverse the judgment because of the second instruction for the plaintiffs, which, in-

stead of leaving to the jury to determine as to failure to feed at Meridian, announces as a legal proposition that negligence is not predicable of that. It is a question of fact, as to which the law has no view.

<div align="right">

*Reversed and remanded.*