JACKSON CITY LINES *v.* HARKINS.

In Banc. Dec. 31, 1948.

(38 So. (2d) 102)

**Jackson, Young, Daniels & Mitchell,** for appellant.

**O. H. Barnett, A. M. Warwick,** and **Thos. H. Watkins,** for appellee.

**Montgomery, J.**

This case involves a collision between a Buick car, driven by M. G. Harkins, and a bus, belonging to and being operated by Jackson City Lines. The collision occurred at the intersection of North Jefferson Street and Poplar Boulevard, in the City of Jackson, at about 8:00 o'clock p. m. on December 19, 1946. The Jackson City Lines sued Harkins in the circuit court of Leake County for costs of repair of the bus, and loss of service of the bus for 39 days, aggregating the total sum of $4,749.94. There was a jury verdict and judgment for the defendant and Jackson City Lines appeals.

Appellant raises and argues three points, the first of which is that the verdict of the jury was contrary to the overwhelming weight of the credible and believable evidence, and the lower court erred in refusing plaintiff's motion for a new trial. We have carefully examined and considered the evidence heard in the court below and on that evidence we cannot say that the verdict is clearly contrary to the overwhelming weight of the evidence. It was held in Shelton v. Underwood, 174 Miss. 169, 163 So. 828, 830, that, before we can reverse, it must be such a verdict as would cause an enlightened conscience to shrink. The jury has opportunity to see the witnesses and to judge on their fairness, bias, or prejudice, or lack thereof, and from the whole situation arrive at the truth

of the matter. The very value of jury trial consists in the fact that it is a body of twelve men of fair and impartial minds. A verdict should be set aside only where it is manifest, from the evidence and surroundings, that it is not a fair and true verdict and we cannot say such of the verdict in this case. Faulkner v. Middleton, 186 Miss. 355, 188 So. 565, 190 So. 910; Kullman & Co., et al. v. Samuels et al., 148 Miss. 871, 114 So. 807.

Appellant's second point is that the lower court erred in refusing to grant plaintiff's request for a peremptory instruction on the issue of the defendant's negligence. The evidence was conflicting on the question of defendant's negligence and this issue was one to be passed upon by the jury under proper instructions from the court. Under the evidence in this case, the trial court was eminently correct in refusing to grant the requested instruction. Mobile & O. R. Co. v. Mullins, 70 Miss. 730, 12 So. 826; Swan v. Liverpool L. & G. Ins. Co., 52 Miss. 704.

 It is next contended by appellant that the trial court erred in granting instruction number one for defendant, which reads as follows: "The court instructs the jury for the defendant, M. G. Harkins, that if you believe from a preponderance of the evidence in this case that the driver of plaintiff's bus was operating same at the time of the collision complained of, at night over the public streets of Jackson, Mississippi, at such speed as not to permit the driver to avoid striking vehicles coming within the range of his lights, and that same was the sole proximate cause of the collision, then it is your sworn duty to return a verdict for the defendant, M. G. Harkins."

It is urged in the brief for appellant that the giving of this instruction was erroneous for the reason that, while the proof shows the distances in which the bus could be stopped at various speeds, there is no proof of the effective distance of the range of the lights on the bus and

hence the evidence afforded no basis for the granting of the instruction.

The proof shows that this collision occurred at the intersection of North Jefferson Street and Poplar Boulevard in the City of Jackson. The bus was traveling north on North Jefferson, which extends north and south and there is a decline as it goes down to its intersection with Poplar Boulevard, which runs east and west. North Jefferson is a through street. There is a stop sign on the north side of Poplar Boulevard, set with reflector buttons, clearly visible as one travels west, as the defendant was on the night of the collision. There is a street light on the southwest corner of the intersection. The bus was traveling north. It is the contention of appellant that as the bus approached the intersection with Poplar Boulevard, the driver looked in both directions and seeing no one, the bus entered the intersection and proceeded to a point where the front of the bus was almost even with the curb on the north side of Poplar, when it was struck by defendant's car, head-on, on the right side of the bus, at a point just behind the right front door of the bus. It is defendant's contention that the collision did not occur in the intersection at all, but occurred some thirty-five feet or more north of the intersection on North Jefferson Street. Defendant contends that as he approached North Jefferson Street, traveling west on Poplar Boulevard, it was his intention to turn right and go north on North Jefferson; that he stopped at the above mentioned stop sign and looked right and left and then entered the intersection and, as he was in the act of making the turn north he saw the lights of the bus as it came over the hill and started down the decline toward the intersection; that after he had straightened out his line of travel on Jefferson and had traveled some thirty-five or more feet the bus pulled alongside of his car and instead of continuing on past him a reasonable distance before pulling over to its right of the street in front of him, it pulled over too soon right directly in front of him, the cars

being lined up in the shape of a V at the time of the collision. The location of defendant's car on Jefferson after the accident is in dispute. The physical facts as to the damage done the defendant's car support the theory of the defendant.

It was raining hard and the night was very cold. Visibility was very poor. It could well be and the jury could properly find that because of poor visibility, fogged up and rain spattered glasses in bus windows, the bus driver, in passing defendant's car, moved his bus over in front of defendant's car into an area beyond the field of vision afforded by the lights on the bus under existing conditions, and while operating the bus at a rate of speed at which the driver was unable to stop within his limited range of vision and that such was the proximate cause of the injury.

The law announced in the instruction is sound. Such is the holding of this Court in at least two cases: Frazier v. Hull, 157 Miss. 303, 127 So. 775, and Rhodes v. Fullilove, 161 Miss. 41, 134 So. 840. We think it had sufficient application to the evidence in this case to make it proper for the court to give it at defendant's request.

We find no reversible error in this record and the judgment of the lower court will be affirmed.

Affirmed.