FORD, et al. *v.* GRAY, et al.

June 8, 1953

No. 38806 34 Adv. S. 86 65 So. 2d 230

*John W. Prewitt* and *Brunini, Everett, Grantham &
Quin,* for appellants.

*Ross R. Barnett* and *W. J. Vollor,* for appellees.

Kyle, J.

This case is before us on appeal by Jack E. Ford, doing business as Safeway Cab Company, and O. R. N. Reeves, defendants in the court below, from a judgment rendered against them in favor of Emmett Gray and others, plaintiffs, for damages for the wrongful death of their brother, Nathan F. Gray, deceased.

Nathan F. Gray was killed on U. S. Highway No. 61 on December 25, 1951, while he was crossing the highway a short distance north of the City of Vicksburg. The motor vehicle which struck him was a 1949 Chevrolet taxicab, which was owned by the Safeway Cab Company and which was being operated by O. R. N. Reeves, as taxicab driver. Gray and his companion, Mrs. Margaret Moore, had left the cafe in Watersville, a short distance north of the City of Vicksburg and had walked southwardly along the east side of the four-lane highway to a point opposite what is known as the government fleet headquarters, and were in the act of crossing the forty-foot pavement, when Gray was struck by the taxicab driven by Reeves, who was driving southwardly toward the City of Vicksburg.

Gray was killed instantly; his head and face were badly mutilated; and his body was hurled through the air, or carried on the front end of the taxicab, approximately

75 feet and then skidded an additional 50 feet southward along the pavement. The skidmarks of the taxicab showed that the cab had skidded about 15 feet after the brakes were applied before striking the deceased, and the cab continued to skid approximately 100 feet before it was brought to a complete stop. The accident occurred about 6:00 o'clock in the evening. There was a speed limit sign on the highway which showed that the speed limit in that area was 50 miles per hour.

The negligence alleged against the defendants in the plaintiffs' declaration was that Reeves at the time of the accident was driving the taxicab at a fast, careless and reckless rate of speed and was not keeping a proper lookout for other persons and vehicles on the highway, and was not keeping his taxicab under proper control so that he could bring the cab to a stop within the range of his vision. The defendants in their answer denied that the driver of the cab was negligent in the manner alleged in the plaintiffs' declaration; and the defendants alleged that the decedent's death was caused by his own negligence and lack of due care in crossing the highway.

The jury, after hearing the testimony, returned a verdict in favor of the plaintiffs for the sum of $7,500.00.

 The main point argued by the appellants on this appeal is that the court erred in granting the plaintiffs' instruction No. 4, in which the court instructed the jury that

"the driver of a motor vehicle does not have the right to a clear and unobstructed highway, but must anticipate the presence of other persons and vehicles thereon, and such driver under the law must at all times drive his motor vehicle at such rate of speed as to enable him to avoid injury to persons when they come, or by the exercise of ordinary care would come, within his vision or under his observation."

The appellants say that the instruction simply means that "if you see him and hit him, you are negligent."

But the instruction complained of was approved by this Court in the case of Hadad v. Lockeby, 176 Miss. 660, 169 So. 691, a case in which the facts were somewhat similar to the facts in this case, and similar language was used in an instruction in the later case of Jackson City Lines, Inc. v. Harkins, 204 Miss. 707, 38 So. 2d 102. If there was any error in giving the instruction under the facts in this case, we think that the error was cured by the instructions granted to the defendants.

The defendants obtained an instruction which presented fully the defendants' theory that the negligence of the deceased was the sole proximate cause of the accident; that under the facts disclosed by the record the deceased at the time of the accident was crossing the roadway at a point that was neither a marked crosswalk nor an intersection, and that under such conditions the deceased was under a duty to yield the right of way to all vehicles upon the roadway, and that if the jury believed from the evidence that the deceased failed to yield the right of way to the automobile, and that this failure was the proximate cause of the injury, the jury should find for the defendants. The defendants also obtained instructions which fully presented to the jury the questions of unavoidable accident and contributory negligence. The instructions as a whole represented a fair statement of the law applicable to the facts testified to by the witnesses.

There was no error in the refusal of the court to grant the peremptory instruction requested by the defendants; and we think that there was sufficient evidence to support the verdict of the jury. ■■■ The evidence indicates that the deceased was guilty of contributory negligence, and the jury had a right to take that into consideration in determining the amount of the damages which the plaintiffs were entitled to recover. The amount of the verdict indicates that the jury did take into account the contributory negligence of the deceased.

■■■ There was no error in the action of the court in refusing to grant the defendants' motion for a new trial on the ground of newly discovered evidence. Neither of the two witnesses who signed the affidavits presented with the motion for a new trial claimed to have seen the accident, and the court would not have been justified in granting a new trial upon the showing made.

The judgment of the lower court is therefore affirmed. Affirmed.

*McGehee, C. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.