BOWLING, Justice, for the Court:
This appeal is from the Chancery Court of George County. Appellant, Lauree Mi-zell, filed her bill of complaint alleging that she was the owner by adverse possession of a 78-acre tract of land rather than appel-lees, John E. Black and others, who claimed under a quitclaim deed executed to them in June, 1971. The chancellor found that appellant did not have title to the land by adverse possession.
Appellant propounds three assignments of error, namely:
1. The court erred in ruling that the deadman’s statute [Mississippi Code Annotated section 13-1-7 (1972)] made appellant an incompetent witness to testify about acts of adverse possession perfected by her deceased husband.
2. The court erred in ruling that appellant’s failure to intervene in prior litigation concerning the land in controversy proved her lack of interest in the land.
3. The court erred in holding that appel-lees were the owners of a 78-acre tract of land where appellant and her deceased husband had continuously and adversely possessed the land for more than ten years before appellees had ever set foot on the land.
*756 At the trial in the lower court, appellant introduced a number of witnesses, most all of whom lived in the area of the location of the land in question and had lived there for many years. Appellant was first offered as a witness and was interrogated as to what she had seen her deceased husband do in regard to the land prior to his death. Objection was made by attorney for appellees on the ground that she could not so testify under the provisions of Mississippi Code Annotated section 13-1 — 7 (1972) (the dead-man’s statute). The objection was sustained and appellant was permitted to preserve her testimony in the record. It was contended by appellant that in 1956 she and her husband, Joe Mizell, were living with her mother adjacent to the land in question. She contended that during the spring of that year, Joe Mizell, fenced the property completely, posted it according to law, and began using the land for his pasture. In addition, appellant contended that she assisted in the work of controlling the property, including repair of the fence, keeping up the posted signs and preventing trespassers on the property. Moreover, it was contended that the property was completely controlled, complete ownership asserted, and the property used as their own until her husband died in 1969. Appellant contended that after her husband’s death she continued to keep up the fences on the land, the posted signs, pastured the land, and continued to use it as her own, the same as she and her husband had done prior to his death. She was his sole heir. According to her, she continued using the property and exercising ownership of it until 1977 when timber was begun to be cut therefrom. It was then that she filed the present cause of action.
Appellant introduced a number of witnesses who lived in the area of the land and had so lived for many years. Without discussing the testimony of each separately, it suffices to say that their testimony generally was that the property was known as “Joe and Lauree Mizell’s property.” Most of them saw the Mizells constructing the fence in 1956, and knew that they had pastured it, posted it, and controlled the property since that time.
In the meantime, between 1956 and 1971, there were ten separate quitclaim conveyances of the property involving various grantors and grantees.
It was error for the lower court to reject appellant’s testimony under the provisions of Code section 13-1 — 7. This section provides:
A person shall not testify as a witness to establish his own claim or defense against the estate of a deceased person, which originated during the lifetime of such deceased person, or to establish any claim he has transferred since the death of such decedent. But such person so interested shall be permitted to give evidence in support of his claim or defense against the estate of a deceased person which originated after the death of such deceased person in the course of administering the estate. A person shall not testify as a witness to establish his own or assigned claim or defense against the estate of a person of unsound mind, which originated before the ward became a non compos mentis. But this shall not apply to claims or defenses which arose in the course of the administration of the estate of such person.
The excluded evidence of appellant did not relate to statements made by her deceased husband or anything other than what she saw her husband do over the years and what she assisted him in doing. The question of hearsay testimony is not involved. The Code section in question prohibits a person from testifying as a witness “to establish his own claim or defense against the estate of a deceased person, which originated during the lifetime of such deceased person . . . .” (Emphasis supplied). It is clear from the testimony offered by appellant and the nature of the case that she was not attempting to establish a claim “against” the estate of her deceased husband. On the other hand, she was attempting to establish a claim for the estate. It was incidental that she was the sole beneficiary of the proceeds of the es *757 tate. Her testimony was an attempt to establish title to the land in her husband and herself.
In the case of Houser v. Houser, 251 Miss. 209, 168 So.2d 801 (1964), the question involved was essentially the same as that involved here. The Court, in stating that the deadman’s statute did not apply, said:
It is contended that the Court erred in permitting the administratrix of the estate of Ben Ellis Houser (Mrs. Bonnie M. Houser) to testify, she being the sole beneficiary of the last will and testament of Ben Ellis Houser. It is sufficient to say that Mrs. Houser was not undertaking to establish any claim against the estate of a deceased person; to the contrary, she was undertaking to establish the claim of the estate of which she was the executrix.
In 1971 and 1976, the record title holders to the land in question filed suits to confirm their title to the property in question and to remove any cloud on their title. Appellant was not made a party to the suits. There was no publication for unknown claimants and there is no proof in the record whatever that appellant had notice of any kind that the suits were pending and litigation ensued. The chancellor, in his opinion, considered the final decrees in the suits in arriving at his opinion. He primarily considered the fact that appellant did not appear in those cases. We hold that any consideration of those suits was error for the reason, as hereinbefore stated, appellant was not a party and, according to the record, knew nothing about such litigation. Therefore, she could not have been bound thereby.
It could be said that the evidence in the case, when considered as a whole, made questions of fact for the lower court as to whether or not appellant and her husband had valid title to the property under adverse possession subsequent to the spring of 1956. The principal evidence against the contention of adverse possession was the lack of payment of taxes by appellant’s husband and testimony from witnesses that appellant, since the death of her husband, had made admissions against ownership. As previously stated, appellant offered a number of persons thoroughly familiar with the property. Their testimony made a strong case for adverse possession, many of them stating that down through the years the property was known as the “Joe and Lauree Mizell property.” We do not include in'this opinion a finding as to whether or not the chancellor was correct in finding as a fact that appellant did not own the property by adverse possession. As herein-before seen, it is necessary to reverse the cause for another trial, particularly for the admission and consideration of the excluded testimony of appellant. As is many times the case, the evidence on a subsequent trial possibly will be different and additions made thereto. For the reasons stated, the cause is reversed and remanded.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.