PRATHER, Justice,
for the Court:
Dineah Mae Ross sued David Miller for personal injuries sustained by her in a pedestrian-automobile accident, alleging that Miller negligently operated his vehicle. From a jury verdict for the defendant Miller in the Circuit Court of Newton County, the appellant appeals, alleging inter alia that the trial court erred by wrongfully instructing the jury as to the duties of a pedestrian. On that ground we agree with the plaintiff, and find reversible error.
The appellant assigns three errors:
(1) That the jury verdict was against the overwhelming weight of the evidence;
(2) That the refusal to admit hospital records under Mississippi statutory authority was error, and
(3) That the granting of an instruction for the defense on the duty a pedestrian crossing a roadway was error.
*542 i.
The plaintiff, an elderly woman, was crossing a four lane street within the City of Meridian when struck by the defendant’s automobile. The evidence was disputed as to the time of night and weather conditions. The witnesses were contradictory as to whether plaintiff crossed this street at the corner of the block or within the block. It is undisputed that no crossmarks were marked for pedestrians for a distance of fourteen blocks from the scene. The defendant’s speed was twenty miles per hour. Cars were approaching from in front of his car and behind him, all with headlights on.
The plaintiff was crossing on foot a four lane street in Meridian, and had in fact crossed three of the four lanes before the defendant Miller saw her. At that point Miller testified he was thirty feet away from her and applied his car brakes on the wet pavement. Being unable to avoid hitting the plaintiff, the car struck Ross about two feet from the street’s edge with the right front fender of the Miller car. Plaintiff Ross testified that she thought she had sufficient time to cross the streets before the approaching vehicles would arrive.
II.
The appellant Ross offered into evidence her hospital records pertaining to her injury from this accident. The evidence was introduced by the local hospital’s medical records custodian. The defense objected on the ground of hearsay, and the trial court sustained the objection.
In Grenada Cotton Compress Co. v. Atkinson, 94 Miss. 93, 47 So. 644 (1908), this Court held business records admissible as an exception to the hearsay rule. See also King v. State ex rel. Murdock Acceptance Corp., 222 So.2d 393 (Miss.1969). In Grenada, supra, we held business records admissible even though some of the witnesses testifying did not make the entries, and “did not have personal knowledge of the matters about which their testimony was given, but relied upon the books for their evidence.” Id. 94 Miss, at 100, 47 So. at 646. In holding that the records should be admitted we approved the treatise which states:
The conclusion is, then, that where an entry is made by one person in the regular course of business, recording an oral or written report, made to him by one or more other persons in the regular course of business, of a transaction lying in the personal knowledge of the latter, there is no objection to receiving that entry under the present exception, provided the practical inconvenience of producing on the stand the numerous persons thus concerned would in the particular case outweigh the probable utility of doing so. [Wigmore on Evidence, § 1530].
Further, we have held that hospital records constitute business records. The basis for such conclusion rests on Mississippi statutory law and decisions.
Mississippi Code Annotated section 41-9-63 (1972) states:
All hospitals, their officers and employees and medical and nursing personnel practicing therein, shall with reasonable promptness prepare, make and maintain true and accurate hospital records complying with such methods and minimum standards as may be prescribed from time to time by rules and regulations adopted by the licensing agency.
We have interpreted the statute in the case of City of Bay St. Louis v. Johnston, 222 So.2d 841 (Miss.1969). This decision also cited with approval, 6 Wigmore, The Law of Evidence § 1707 (3rd Ed.1940).
The medical records of patients at a hospital, organized on the usual modern plan, deserve to be placed under the present principal. They should be admissible, either on identification of the original by the keeper, or on offer of a certified or sworn copy.
See also, Reynolds v. West, 237 Miss. 613, 115 So.2d 742 (1949). But see, Spears v. State, 241 So.2d 148 (Miss.1970), involving denial of right of confrontation of witnesses in a criminal case.
Therefore, the hospital records in this civil case should have been admitted under *543 Mississippi authority, unless otherwise inadmissible.
Appellee asserts, however, that the refusal to admit the records were harmless because the jury found no liability on the part of the defendant.
We have evaluated the appellee’s argument that the excluded evidence related only to the existence and extent of damages. He contends, therefore, that the jury verdict for the defendant was a finding of no liability. The alleged error, appellee contends, is harmless and would not change the trial’s outcome.
The question here presented is whether the hospital records could have established appellee’s liability. The plaintiff claims prejudice for the exclusion of this evidence which was offered to establish liability as well as damage. However, in an examination of the proffered exhibit, we can find no merit to the assertion that these records established proof of liability. Other witnesses testified as to the fact of hospitalization, treatment, and duration of stay for the jury to consider.
We conclude, therefore, that the exclusion of the hospital records was not reversible error.
III.
The last assignment addresses an instruction granted. We find error regarding the court’s instruction on the law. Instruction D-12 is as follows:
The Court instructs the jury that a pedesterain [sic] crossing a street at any point other than within a marked crosswalk, or within an unmarked crosswalk at an intersection has the duty to yield the right-of-way to all vehicles operating on the road. If you find from a preponderance of the evidence in this case that the plaintiff, Dineah Mae Ross, was at the time of the accident complained of, walking across 8th Street at a place other than an intersection or marked crosswalk and that she failed to yield the right-of-way to the vehicle driven by the defendant, David Miller, as it travelled 8th Street and that such failure, if any, was the sole proximate cause of the accident complained of then it is your sworn duty to return a verdict for the defendant.
The appellant here testified she came “to the corner going to cross Eighth Street.” Appellee contends she crossed between the corners of the block. Admittedly, no crosswalks were marked on Eighth Street at the scene of the accident, the nearest ones being fourteen blocks away.
Appellant’s contention is that the instruction was error as it assumes a total absence of defendant’s negligence. Mrs. Ross’s contention was that Miller was at least contrib-utorily negligent in failing to keep a proper lookout.
The controlling statute, in pertinent parts, upon which this instruction is based is Mississippi Code Annotated section 63-3-1105 (1972), as follows:
(1) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.
(4) Notwithstanding the provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.
The above instruction conforms to the first part of the statute, but fails to incorporate the last portion regarding the driver’s duty to pedestrians already within a roadway.
Another pertinent statute, Mississippi Code Annotated section 63-7-31 (1972), provides in part regarding vehicular equipment that headlamps must be aimed to reveal vehicles and persons at a distance of at least 350 feet ahead for the upper headlight and 100 feet for the lowermost light.
Yet Miller testified he did not see the plaintiff until he was thirty feet away from *544 her. In Layton v. Cook, 248 Miss. 690, 160 So.2d 685 (1964), this Court stated that a driver is responsible for seeing what he should have seen. The Layton ease and Cole v. Todd, 355 So.2d 292 (Miss.1978) factually are distinguishable in that the pedestrian was off the roadway when struck. Both cases reassert the law that a driver of a vehicle was negligent in not maintaining a proper lookout for pedestrians when they are traveling alongside a highway where in the exercise of reasonable care the driver should have, but did not see the pedestrian and could have avoided the accident.
Two cases addressed by this Court involving a pedestrian being struck crossing a roadway are more applicable. In Robertson v. Welch, 242 Miss. 110,134 So.2d 491 (1961) a pedestrian was struck while crossing a national highway, but was never seen prior to being hit. The Court held that a driver had a duty to keep his car under control and be on the alert for pedestrians and other users of the highway. Citing Ulmer v. Pistole, 115 Miss. 485, 76 So. 522 (1917) and other cases. Further, a driver was to operate his vehicle at such speed as to avoid injury to persons coming within the range of his lights. Citing Jackson City Lines v. Harkins, 204 Miss. 707, 38 So.2d 102 (1948).
In Logan v. Thomas, 259 So.2d 480 (Miss.1972), a pedestrian, while crossing a city street, was hit without being seen prior to the accident. The Court formed the issue to be whether the driver should have seen the pedestrian and if so, could he have stopped her vehicle or taken other evasive action as a reasonable person to prevent the accident.
In the case sub judice, we hold the above instruction incomplete in that the driver’s duty to the pedestrian was not fully covered. Although an instruction was granted covering a motorist’s duty to keep a proper lookout, that additional instruction did not address persons coming within the range of the headlights, his duty to sound his horn, and to take such action as a reasonable man would to avoid the accident. The instruction as worded is virtually peremptory for the defendant.
We, therefore, reverse and remand for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., and DAN M. LEE and ROBERTSON, JJ., concur.
HAWKINS and BOWLING, JJ., concur in part and dissent in part.
WALKER, P.J., ROY NOBLE LEE, J., and BROOM, P.J., dissent.