529 So.2d 611 (1988)
In re the Matter of the Last WILL and Testament of Carvel S. Adams, Deceased.
Lucille SIMM
v.
William Terry ADAMS, Denise E. Adams, and Drew T. Adams.
No. 57661.
Supreme Court of Mississippi.
July 13, 1988.
Rehearing Denied August 31, 1988.
*612 David C. Frazier, Gordon, Myers & Frazier, Pascagoula, for appellant.
Gary L. Roberts, Roberts & Clark, Pascagoula, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and GRIFFIN, JJ.
SULLIVAN, Justice, for the Court:
The Chancery Court of Jackson County, the Honorable Glenn Barlow Presiding, entered an order that the proffered "Last Will and Testament" of Carvel Adams dated November 9, 1984, was null and of no effect and that Adams' prior holographic will dated June 22, 1983, should be and was admitted to probate to be administered according to the terms therein. Simm, named executrix and sole beneficiary under the terms of the November 9, 1984 will, appeals that ruling to this Court, assigning as error the following:
I. That the court erred in refusing to allow the executrix and proponent to the will, Lucille Simm, to testify fully during the trial on the merits; and
II. That the court erred in its finding and ruling that the proponent failed to overcome the presumption of undue influence by clear and convincing evidence.
This case involves a dispute over the validity of the November 9, 1984, will of Carvel Adams, deceased, April 25, 1985. On July 18, 1985, the "Last Will and Testament" of Adams dated November 9, 1984, was offered into probate by Lucille Simm, named executrix and sole beneficiary therein. Drew Adams and Denise Adams, grandchildren of the testator, filed caveats to the petition and their petition for contest of the will.
In support of their petition, Denise and Drew alleged that at the time the November 9, 1984 will was executed, the testator did not possess the mental capacity necessary to effect such an instrument, and further, that the testator executed the will by reason of the undue influence exercised upon him by Lucille Simm.
William Terry Adams, the testator's son, and only heir at law, filed a petition for probate of Adams' prior holographic will dated June 22, 1983, in which he was named executor. Denise and Drew Adams are beneficiaries under the holographic will; Terry Adams is not a beneficiary under either will. Simm has admitted the validity of the June 22, 1983, will should the November 9, 1984, will be found invalid.
Lucille Simm was the testator's house-keeper for approximately five years. Simm was originally hired to care for the testator's wife who at the time was ill with cancer. After the death of Mrs. Adams in *613 1983, Simm continued working for the testator. It is undisputed that the testator relied on Simm to take care of his physical needs and to assist him in paying his bills and meeting financial obligations. Prior to trial the parties stipulated that a confidential and fiduciary relationship existed between the testator and Simm.
The issues were heard, by agreement, by the chancellor without a jury. After hearing the evidence and testimony presented by the parties, the chancellor found the following:
1. That the evidence clearly established that "at all times preceding and during the events of the will Mr. Carvel Adams was of sound disposing mind and memory," and
2. Simm failed to overcome the presumption of undue influence by clear and convincing evidence offering Murray v. Laird, 446 So.2d 575 (Miss. 1984); Hendricks v. James, 421 So.2d 1031 (Miss. 1982); and Croft v. Alder, 237 Miss. 713, 115 So.2d 683 (1959), in support thereof.
It is from this ruling that Simm appeals.

I.

THAT THE TRIAL COURT ERRED IN REFUSING TO ALLOW THE EXECUTRIX AND PROPONENT OF THE WILL, LUCILLE SIMM, TO TESTIFY FULLY DURING TRIAL.
The trial court limited the testimony of Lucille Simm based upon the Mississippi "Deadman Statute" Mississippi Code Annotated, § 13-1-7 (1972),[1] which provides in pertinent part:
A person shall not testify as a witness to establish his own claim or defense against the estate of a deceased person, which originated during the lifetime of such deceased person, ...
Simm contends that as executrix and proponent of the will in issue, that she is seeking to establish a claim for the estate and therefore is not incompetent to testify under the statute. In support of her position, Simm first cites Houser v. Houser, 251 Miss. 209, 168 So.2d 801 (1964), wherein this court held that the Deadman Statute did not apply and said the following:
It is contended that the court erred in permitting the administratrix of the estate of Ben Ellis Houser (Mrs. Bonnie M. Houser) to testify, she being the sole beneficiary of the last will and testament of Ben Ellis Houser. It is sufficient to say that Mrs. Houser was not undertaking to establish any claim against the estate of a deceased person; to the contrary, she was undertaking to establish the claim of the estate of which she was the executrix.
Houser v. Houser, 251 Miss. 209, 217-18, 168 So.2d 801, 804 (1964).
In Mizell v. Black, the appellant was claiming title by adverse possession to a tract of land attempting to establish title in herself and her husband. Mizell v. Black, 369 So.2d 755 (Miss. 1979). Because the appellant's husband was deceased, objection to appellant's testimony regarding her husband's actions prior to his death was sustained based on Section 13-1-7 but her testimony was preserved in the record. This Court reversed on that point, saying the following:
The Code section in question prohibits a person from testifying as a witness "to establish his own claim or defense against the estate of a deceased person, which originated during the lifetime of such deceased person... ." (Emphasis supplied). It is clear from the testimony offered by appellant and the nature of the case that she was not attempting to establish a claim "against" the estate of her deceased husband. On the other hand, she was attempting to establish a claim for the estate. It was incidental that she was the sole beneficiary of the proceeds of the estate.
Mizell v. Black, 369 So.2d 755, 756 (Miss. 1979).
Simm's reliance on these cases is misplaced. First, neither case involved a will contest. Further, this Court held in Harris v. Sellers that testimony of contestants to a will was properly excluded under Section *614 13-1-7. Harris v. Sellers, 446 So.2d 1012 (Miss. 1984).
In Harris, the contestants' claim did not effect the size or value of the estate and the ultimate question to be resolved was the identity of the parties who would ultimately inherit (i.e., if the contested will was valid, the contestants would take nothing, but if the disputed will were a nullity, then the contestants would inherit under the prior will). The situation in Harris is present in this case. The issue here is solely who takes, not what does or does not constitute part of the estate. Thus, Simm was clearly testifying against the estate and her testimony was properly excluded.
Regardless this assignment still fails due to lack of an appropriate proffer based on the well established principle that proffer must be made on which this Court can make a determination as to whether the testimony could have affected the outcome of the case. Hammond v. Grissom, 470 So.2d 1049 (Miss. 1985); Harris v. Buxton T.V. Inc., 460 So.2d 828 (Miss. 1984); and Murray v. Payne, 437 So.2d 47 (Miss. 1983).
Simm argues that the questions asked by her counsel made an adequate record. The questions were objected to and the objections sustained by the trial judge. There is no statement into the record of what the testimony would have shown had Simm been permitted to answer.
In Martin v. Wadlington, 337 So.2d 706, 708 (Miss. 1976), this Court said the following:
Appellants argue that the record adequately preserved the question for appeal because the specific questions asked the Martins appear in the record... . No true profert of testimony was made nor was any statement dictated into the record as to what the testimony of these witnesses (whose testimony was disallowed pursuant to the statute) would have been. This Court cannot speculate on the basis of implication as to what the proof in this case might have been, and therefore appellants' contention is without merit. Our rule is that in making profert of testimony rejected by the trial court, counsel must cause the record to clearly reflect what he intended to prove by such testimony. 75 Am.Jur.2d Trial, § 131 (1974); Kinney v. State, 336 So.2d 493 (Miss. 1976); Dazet v. Bass, 254 So.2d 183 (Miss. 1971); W.T. Rawleigh Co. v. Foxworth, 194 Miss. 205, 11 So.2d 919 (1943); Sylvania Ins. Co. v. Simmons, 158 Miss. 596, 131 So. 94 (1930); Bessler Movable Stairway Co. v. Bank of Leakesville, 140 Miss. 537, 106 So. 445 (1926).
Further, this Court has said:
Since Freeman [v. State, 204 So.2d 842 (Miss. 1967)], in Kinney v. State, 336 So.2d 493 (Miss. 1976), and Martin v. Wadlington, 337 So.2d 706 (Miss. 1976), we have held in accord with Freeman that counsel, when not permitted to present a witness's testimony, must by some manner or means cause the record to show precisely what he intended to prove by the witness. According to 53 Am.Jur. Trial, § 102 (1945), the profert must be full and specific. Similar ruling was made in McGee v. State, 365 So.2d 302 (Miss. 1978), authored by Roy Noble Lee, J., who noted "no profert was made of the testimony nor was a statement dictated into the record to indicate what was proposed to be shown...."
Bell v. State, 443 So.2d 16, 20 (Miss. 1983).
This issue is not properly before this Court and if it were, the trial judge properly excluded the testimony of Simm based on Section 13-1-7.

II.

THAT THE TRIAL COURT ERRED IN ITS FINDING AND RULING THAT THE PROPONENT FAILED TO OVERCOME THE PRESUMPTION OF UNDUE INFLUENCE BY CLEAR AND CONVINCING EVIDENCE.
As noted earlier, the parties stipulated prior to trial that Lucille Simm had a confidential relationship with the testator. As a result, at trial, Simm was required to overcome a presumption of undue influence by clear and convincing evidence. See Blissard v. White, 515 So.2d 1196, 1199-1200 (Miss. 1987); Kelly v. Shoemake, 460 So.2d 811, 819-20 (Miss. 1984); Harris v. *615 Sellers, 446 So.2d 1012, 1014-15 (Miss. 1984). At the close of the testimony the trial judge found that Simm failed to overcome the presumption and as a result found the will invalid.
The determinative question before us is whether there was, in fact, a confidential relationship between the testator and Simm. A presumption of undue influence is not raised merely because a beneficiary occupies a confidential relationship with the testator; something more is required, such as active participation by the beneficiary in the procurement, preparation or execution of the will or mental infirmity of the testator. Croft v. Alder, 237 Miss. 713, 115 So.2d 683 (1959).
In other words, there must be some showing that Simm abused the relationship either by asserting dominance over the testator or by substituting her intent for that of Carvel Adams. We find no evidence that Simm asserted any influence over Adams in the preparation or execution of the will. Adams contacted Perkins, the drafting attorney, independently, and Simm was not present during the execution of the will. Further, the evidence clearly supports the trial judge's finding that Adams was of sound disposing mind and memory at all times surrounding the events of the will.
As we said in Costello v. Hall:
The "polestar consideration" in our review of a will contest is to give effect to the intent of the testator. Tinnin v. First Bank of Mississippi, 502 So.2d 659 (Miss. 1987); Deposit Guaranty National Bank v. First National Bank of Jackson, 352 So.2d 1324 (Miss. 1977); In re Estate of Granberry, 310 So.2d 708, 711 (Miss. 1975). ("When the intent of the testator has been ... ascertained, all minor, subordinate and technical rules of construction must yield to the paramount intent thus ascertained.") The effect of a charge of undue influence is to suggest that the will reflects the intent of the beneficiary, and not of the testator. "Undue influence in the matter of executing a will must be the substitution of another's will for the will of the testator." Barnett v. Barnett, 155 Miss. 449, 457, 124 So. 498, 500 (1929)... .
The cases in which we have recognized the presumption of undue influence present factual scenarios where there was more than just a legal or domestic relationship between the testator and the beneficiary. There must also be an abuse of that relationship relating to the execution of the will. .. .
* * * * * *
Furthermore, even when a confidential relationship can be said to exist between the parties, the beneficiary under the will must have used that relationship for his personal gain or to thwart the intent of testator. (Emphasis theirs).
Costello v. Hall, 506 So.2d 293, 297-298 (Miss. 1987).
It is obvious to us from the facts of this case that the will at issue herein reflects the intent of Carvel Adams. Because the chancellor, relying on the stipulation, did not consider evidence of whether Simm dominated the testator or procured the will in question, we have reviewed it here assuming it would have affected his decision. In doing so, we find that the facts simply do not mandate a holding that an abuse of a confidential relationship of the type which gives rise to a presumption of undue influence existed between Simm and Carvel Adams. Simm simply did not take any active part in the procurement of the will. This crucial element, "active participation," of undue influence is not present on this record and thus the will of November 9, 1984, is not null and void by reason of undue influence.
We reverse and remand to the Chancery Court of Jackson County, Mississippi, for the probate of the will of November 9, 1984.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] This case predates adoption of the Rules of Evidence which abolished the Deadman Statute.