JAMES, J., for the Court:
¶ 1. In this will-contest case, the Chancery Court of Washington County granted summary judgment in favor of Shirley Washington. George Patrick Johnson, Leon Foster, Florine Miller, and Richard Wright (Contestants) appeal arguing that because the issue of undue influence was a factual issue for the jury, the chancellor reached this decision in error. Finding that no genuine issue of material fact exists regarding the issue of undue influence, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Reverend Roosevelt T. Strong (Rev. Strong) and Earnestine Strong were mar *648 ried on July 5, 1956. Prior to the marriage, Rev. Strong had four children, who are the Contestants in this case, from previous relationships. Rev. Strong and Earnestine did not have any children together. On October 23, 1986, Rev. Strong executed his last will and testament. Earnestine was not present during the execution of the will. In the will, Rev. Strong bequeathed $10,000 to his daughter, Florine Miller; and devised property to his son, Richard Wright. Rev. Strong left the residuary of his estate to Earnestine, whom he named as executor. Rev. Strong died on November 2, 2009.
¶ 3. Shortly thereafter, George Patrick Johnson, another son of Rev. Strong, filed a “Petition for Appointment of Administrator and Granting Letters of Administration” along with a “Petition to Determine Heirs-At-Law.” The petition was presented as though Rev. Strong had died intestate. Johnson was appointed the administrator of Rev. Strong’s estate, and was issued letters of administration. Before the estate was to be closed, Rev. Strong’s 1986 will was produced by Shirley Washington, who was later appointed to serve as executor on behalf of Earnestine.[1] On May 5, 2010, the Contestants filed a “Petition to Contest Unprobated Will.” In the petition, the Contestants argued that Earnestine exerted undue influence over their father at the time of the execution of the 1986 will. According to the Contestants, Earnestine was very domineering and mean to Rev. Strong throughout their marriage. The Contestants also claimed that Earnestine strongly opposed Rev. Strong’s close relationship with his children, and likely forced him to disinherit them in his will. To support them argument, the Contestants presented three affidavits, one of which was Johnson’s affidavit. The two remaining affidavits were those of Bessie Seard, a cousin of Rev. Strong; and Phalange Ward, the mother of Johnson. Each of the affidavits contained allegations that Earnestine was very controlling and that Rev. Strong had, on many occasions, expressed that he regretted marrying Earnestine. The affidavits also alleged that Earnestine would not allow the Contestants into her home to visit their father.
¶ 4. Also, according to Seard, Rev. Strong had previously executed a will in favor of Johnson many years prior to the 1986 will. Johnson also alleged that such a will was executed by his father. In their affidavits, both Seard and Johnson admitted that they never actually saw the prior will, and that they did not know where it was located. On May 19, 2010, Washington filed a “Petition for Probate of Will and for Letters of Administration” in the Washington County Chancery Court. The court granted the petition on May 25, 2010, and removed Johnson as administrator of Rev. Strong’s estate.
¶ 5. On July 14, 2010, Washington filed a request for admissions. The Contestants filed their response on September 1, 2010, nineteen days beyond the deadline. On December 22, 2010, Washington filed her first motion for summary judgment, arguing that the Contestants’ failure to respond within the thirty-day time limit, as required under Rule 36 of the Mississippi Rules of Civil Procedure, should result in all matters being deemed admitted. Finding that the Contestants demonstrated excusable neglect in their failure to timely respond, and that Washington failed to show prejudice from the delay, the court denied the motion.
*649 ¶ 6. Washington filed a second motion for summary judgment on February 6, 2012, which is the subject of this appeal. In the motion, Washington argued that the Contestants failed to present specific facts showing that Earnestine exerted undue influence over Rev. Strong during the execution of the 1986 will. Finding that no genuine issue of material fact existed, the chancery court entered an order granting summary judgment in favor of Washington on April 25, 2012. From this order, the Contestants now appeal.
STANDARD OF REVIEW
¶ 7. This Court applies a de novo standard in reviewing the grant or denial of a motion for summary judgment. In re Estate of Laughter, 28 So.3d 1055, 1060 (¶ 17) (Miss.2009). Summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” M.R.C.P. 56(c). “The evidence must be viewed in the light most favorable to the party against whom the motion has been made.” Laughter, 23 So.3d at 1060 (¶ 17) (quoting Bullock v. Life Ins. Co., 872 So.2d 658, 660 (¶ 6) (Miss.2004)).
Concurrently, at the trial-court level, when a motion for summary judgment is made and supported, an adverse party may not rest upon the mere allegations or denials set forth in his pleadings, but his response must set forth specific facts showing that there is a genuine issue for trial.
Id. (quoting M.R.C.P. 56(e)).
DISCUSSION
¶ 8. The Contestants claim that the trial coui't’s grant of summary judgment was improper because the question of whether Rev. Strong was unduly influenced by Earnestine was a factual issue for the jury to resolve. However, the Contestants have presented no specific material fact showing that the 1986 will was procured through undue means. Although the Contestants argue that Earnestine was very controlling and domineering during her marriage to their father, this in and of itself does not invalidate the disputed will.
¶ 9. This Court addressed a similar issue in In re Estate of Pigg, 877 So.2d 406 (Miss.Ct.App.2003). In Pigg, the contestants challenged the validity of their deceased sister’s will, arguing that the sister lacked testamentary capacity and was unduly influenced by the executor of her estate during the execution of the will. Id. at 409 (¶ 5). During trial, the proponents of the will made two motions for a directed verdict, arguing that the contestants lacked sufficient evidence to show that the deceased lacked testamentary capacity or was unduly influenced. Id. at 409 (¶ 10). The trial court denied both motions, and the issues of testamentary capacity and undue influence were presented to the jury. Id. On appeal, this Court held that because the evidence was so lacking, it was reversible error for the trial court to present the issues to the jury. Id. at 414 (¶ 38).
¶ 10. With regard to the issue of undue influence, we held the following:
Those contesting a will need not present sufficient evidence to prove undue influence. The contestants, however, must at least raise sufficient question to cause jurors to conclude that the proponents failed to prove that the will was free of improper influence!!]
The jurors had to decide if the inferences of undue influence made the quantum of evidence in support of due execu *650 tion less than a preponderance. The best evidence on the issue was the testimony of the subscribing witnesses and others who were present during the execution. From no one contemporaneously involved ... was there any suggestion that Mrs. Pigg was unaware of what she was doing or that her personal desires had been overwhelmed by someone else. Doubts about due execution that arise solely from speculation are insufficient. That would be too light a counterweight to the evidence of proper execution.
Id. at 412 (¶ 32), 414 (¶ 36) (emphasis added). The evidence of undue influence presented by the will contestants in Pigg amounted to nothing more than mere speculation, and therefore, was insufficient to make undue influence an issue for the jury. Id. at 414 (¶ 37).
¶ 11. The same holds true in the case at bar. With the exception of Johnson, none of the Contestants were present during the execution of the 1986 will. In their brief, the Contestants admit that their father had testamentary capacity during the time surrounding the execution of the will. In his own deposition, Johnson admits that his father was of sound mind at the time the will was executed on October 23, 1986. None of the Contestants allege that Rev. Strong was in poor mental or physical health so as to render him dependent upon Earnestine. To the contrary, all of the Contestants stated in their depositions that their father was a very private person who handled his own finances and business affairs. In fact, the record shows that Rev. Strong kept the 1986 will in a safety deposit box to which Earnestine did not have access. Although the Contestants maintain that Rev. Strong executed a will many years prior to 1986, no such document was ever produced during these proceedings. In their brief, the Contestants still admit that they have no personal knowledge of the alleged prior will.
¶ 12. The only evidence the Contestants have to support their assertion .of undue influence is the three affidavits alleging that Earnestine was overpowering and controlling toward Rev. Strong. However, not one of the affidavits contains specific facts showing that Rev. Strong was improperly influenced by Earnestine during the execution of the disputed will. The Contestants’ blanket allegations do not pass muster to show a triable issue. “The trial court should only submit an issue to the jury when the evidence creates a question of fact over which reasonable jurors could disagree.” In re Last Will & Testament & Estate of Smith, 722 So.2d 606, 611 (¶ 17) (Miss.1998) (citing Vines v. Windham, 606 So.2d 128, 131 (Miss.1992)). Here, the evidence does not formulate a factual question over which reasonable jurors could disagree.
¶ 13. “A presumption of undue influence arises in a will contest when a beneficiary occupies a confidential relationship with the testator and there is active participation by the beneficiary in either procuring the will or in preparing the will.” Smith, 722 So.2d at 611-12 (¶ 18) (citing Simm v. Adams, 529 So.2d 611, 615 (Miss.1988)). However, the existence of a confidential relationship, alone, does not automatically raise a presumption of undue influence. Laughter, 23 So.3d at 1064 (¶ 37) (citing Wright v. Roberts, 797 So.2d 992, 999 (¶21) (Miss.2001)). There must be circumstances where the beneficiary in the relationship took some active part in preparing the will. Id. (citing Croft v. Alder, 237 Miss. 713, 723-24, 115 So.2d 683, 686 (1959)). There is no evidence of undue influence here. As previously mentioned, there is nothing in the record to suggest that Rev. Strong was dependent upon Earnestine in any capacity. According to the Contestants, Rev. Strong was *651 very independent and handled his own financial affairs. Earnestine was never granted power of attorney during their marriage. Furthermore, there is no evidence that Earnestine actively participated in the will’s preparation or was present during its execution.
¶ 14. For these reasons, we find that the trial court’s grant of summary judgment was proper. As stated above, the nonmoving party may not rest upon mere allegations, but must set forth specific facts showing that there is a triable issue. M.R.C.P. 56(e). Based on our review of the record, the evidence was insufficient to make the question of undue influence one for the jury. This issue is without merit.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF WASHINGTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE OPINION. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. Earnestine resides in a nursing home in Macon, Georgia, and was unable to serve as executor due to her advanced age and failing health.